RICHARD R. ROBINSON *versus* WORTHY C. BARROWS.

The provisions of the Act of 1855, (c. 166, § 23,) forbidding the maintenance of any action for the value or possession of intoxicating liquors, are limited in their application to liquors liable to seizure and forfeiture under that statute, or intended for sale in this State in violation of law.

Thus construed, the Act is in affirmance of the principles of the common law.

A contract made in violation of a statute is void; and it is not rendered valid by the repeal of that statute.

When the possession of property intended for sale in violation of law is made criminal by statute, no action can be maintained while such statute is in force or after its repeal, for the conversion of such property while the statute is in force.

*It seems,* that if the plaintiff in an action of trover receives the property sued for, into his possession immediately after its conversion by the defendant, and in the same condition as at the time of its conversion, he can recover but nominal damages.

An officer, who has seized intoxicating liquors under proceedings in accordance with the statute, is not responsible for their deterioration occurring without his fault, while they are in the custody of the law.

Nor is he liable for official acts under a sufficient warrant, although the statute by virtue of which the warrant was issued is subsequently repealed.

In actions of trover, the measure of damages is the value of the property converted, at the time the right of action accrues, and interest thereon.

ON REPORT by DAVIS, J.

TROVER for seven casks of ale and a demijohn of whiskey. The defendant undertook to justify under the Act of 1855, (c. 166,) which had been repealed when this suit was commenced.

It appeared in evidence, that the defendant, on the second

day of May, 1855, as marshal and constable of the city of Portland, seized the liquors sued for, *without any warrant*, and kept them in his possession until the fourteenth of the same month, when a warrant was issued by the judge of the police court of Portland. The case was tried in the police court, and carried into the Supreme ·Court by appeal, where the papers were quashed and a writ for the restitution of the liquors was issued. The liquors were immediately restored to the plaintiff, but the ale had become sour and valueless. There was other evidence in the case. When the testimony was closed, the defendant contended and asked the Court to rule, (among other things,) that if, at the time the ale and whiskey were taken by the defendant, the plaintiff had them in his possession with intent to sell the same in this State in violation of law, he could not recover their value of the defendant in this suit.

But the presiding Judge refused so to rule, but held, that the Act of 1855, being repealed, the plaintiff was entitled to recover the full value of the liquors, notwithstanding that at the time of their seizure he intended to sell them in violation of law.

Thereupon the defendant consented to be defaulted, with the agreement that the case should be reported to the full Court, and, if the ruling of the Judge was incorrect, a new trial should be granted.

*Shepley & Dana,* for plaintiff.

The articles described in the writ were plaintiff's property, and he was invested with the ordinary rights of an owner. *Preston* v. *Drew,* 33 Maine, 553.

The proceedings of the defendant being illegal, the Act of 1855, even if it were in existence, would not avail him. *Preston* v. *Drew,* above cited; *Dolan* v. *Buzzell,* 41 Maine, 473.

But that Act has been repealed with no saving clause; and the plaintiff is as much entitled to recover the value of this property wrongfully taken from him, as though the Act never existed. If any disability was imposed by the Act, it was

removed when the Act was repealed; and its provisions can afford no refuge to the defendant.

*E. Fox*, for defendant.

The liquors having been intended for sale in this State, in violation of law, the plaintiff cannot recover. *Lord* v. *Chadbourne*, 42 Maine, 429; *Hathaway* v. *Moran*, 44 Maine, 71.

The opinion of the Court was drawn up by

APPLETON, J.—It was enacted by c. 166, § 23, of the Acts of 1855, that "no action of *any kind* shall be maintained in any Court in this State, either in whole or in part, for intoxicating liquors sold in any State or county whatever, nor shall any action of any kind be had or maintained in any Court in this State, for the recovery or possession of intoxicating liquors or the value thereof."

The effect to be given to a similar provision of a previous statute came under the consideration of this Court, in *Lord* v. *Chadbourne*, 42 Maine, 429. It was there held that the section applied to all actions, whether in *tort* or *assumpsit*, and that, in accordance with the case of *Preston* v. *Drew*, 33 Maine, 562, the general language of the statute must be so limited as to forbid the maintenance of any action for the recovery or possession of such liquors, or for their value, as were liable to seizure or forfeiture, or were intended for sale in violation of the provisions of the statute prohibiting the sale of spirituous and intoxicating liquors.

The Court were, by the plain and unambiguous language of the statute, prohibited from permitting compensation to be given for the destruction of liquors kept in contravention of its provisions and for the purposes of their violation. The statute was only carrying out, by express enactment, what, in many States, has been regarded as a principle of the common law. "There are, no doubt, cases," says LAWRIE, J., in *Mohney* v. *Cook*, 26 Penn., 349, "wherein an injured party will be remediless, because of his own fault, even when the fault does not contribute to the accident. A vessel engaged in the slave

trade, piracy or smuggling, and injured by another, or the keeper of a gambling house injured in his business by a neighboring nuisance, could have no remedy. Not, however, because the persons are out of the protection of the law for these offences, nor because their illegal business brought them to the place of danger; but because their business itself, with all its instruments, is outlawed. Prohibited contracts, prohibited trades and prohibited things, receive no protection."

Since the alleged seizure of the liquors, the statute, under and by virtue of which it was made, has been repealed.

The proceedings against the plaintiff were quashed for informality. It is apparent, from the record, that there has been no adjudication as to the guilt or innocence of Robinson, nor as to the *status* of the liquors seized. They have been neither condemned nor acquitted. In *Lord* v. *Chadbourne*, it was held that, as the question, whether the liquors in controversy, in that case, were held in violation of law, had never been judicially determined, and, as their *status* was a matter essential in determining the damages, if any, that the defendant might offer proof as to that point.

It has been repeatedly decided, that the repeal of a statute does not make contracts valid, which were in violation of its provisions and, consequently, could not be enforced. *Hathaway* v. *Moran*, 44 Maine, 67; *West* v. *Roby*, 4 N. H., 285.

Where a contract is void as against the provisions of a statute, it is not rendered valid by its repeal, and a subsequent promise to perform it is without consideration and cannot be enforced. *Dever* v. *Corcoran*, 3 Allen, (N. B.) 338.

Upon the termination of the proceedings in the complaint against Robinson and certain spirituous liquors, the ale in controversy, in pursuance of the writ of restitution, was restored to the plaintiff and received by him.

If the proceedings in that case were null and void, affording no justification, the defendant is to be regarded as acting without legal authority.

The conversion of the goods was either when they were seized or when the suit on which they were seized terminated.

Robinson *v.* Barrows.

If the conversion was when seized, it has been repeatedly held, in Massachusetts and in this State, that, in trover, the measure of damages is the value of the property at the time the right of action accrued, with interest thereon. *Johnson* v. *Sumner,* 1 Met., 172; *Kennedy* v. *Whitwell,* 4 Pick., 466; *Hayden* v. *Bartlett,* 35 Maine, 203; *Moody* v. *Whitney,* 38 Maine, 174; *Clarke* v. *Whitaker,* 19 Pick., 309.

If the seizure of the liquors is the alleged conversion, for which this action is brought, it took place when the statute of 1855, c. 166, was in full force. The measure of damages would be the value of the property at that time. The law, as then existing, would limit the rights of the plaintiff and the liabilities of the defendant. But, if the liquors in controversy were then in possession of the plaintiff, for the purpose of being sold in violation of law, the plaintiff, by the then existing law, was not entitled to recover their value. The defendant was not liable in damage. The rule of damage at the time of conversion being the rule by which the rights of the parties are to be determined, the plaintiff would seem not entitled to recover.

If the conversion was when the proceedings against the plaintiff and his liquors were quashed, then the ordinary rule of damages would be the value of the liquors at that time. The conversion would be of liquors more or less damaged. But, the liquors, however much or little damaged, were received by the plaintiff, and by the hypothesis being received as they were when converted, it is difficult to perceive how the plaintiff would be entitled to more than nominal damages.

But, if the proceedings were in accordance with the statute, the officer would not be responsible for any deterioration occurring without fault on his part, while they were in the custody of the law. Nor would he be liable for his official acts under a sufficient warrant, because the statute, by virtue of which the warrant issued, may have been repealed. *Gray* v. *Kimball,* 42 Maine, 299.

*The cause, by agreement of parties, is to stand for trial.*

TENNEY, C. J., RICE, GOODENOW and KENT, JJ., concurred.

Davis, J., concurred in the result and delivered the follow-lowing opinion.

The first question presented in this case, is the right of an officer, under the statute of 1855, to seize intoxicating liquors without a warrant, and detain them in his custody twelve days before entering any complaint, or procuring any warrant. Assuming the right of seizure without a warrant, which is not conceded, the defendant had the right, by statute, " to detain them until a warrant could be procured," *and no longer*. This must be understood as a reasonable time for that purpose. It is obvious, that it would not, with proper diligence, have required more than one or two days. It would be highly dangerous to allow officers to detain persons or property, without legal process, any longer than the time reasonably necessary to procure one. The defendant, by detaining the liquors for a length of time altogether unnecessary and unreasonable, before procuring a warrant, became a trespasser *ab initio*. *Burke* v. *Bell*, 36 Maine, 317; *Adams* v. *Adams*, 13 Pick., 374. Such was the ruling at *Nisi Prius*.

But, there was evidence tending to prove that the liquors were intended for sale by the plaintiff in violation of law; and the defendant requested the Court to instruct the jury, that if they were so intended by the plaintiff for unlawful sale, the action could not be maintained. This was refused; and the Court ruled, that the statute of 1855, having been repealed, the action could be maintained.

The statute of 1855, c. 166, § 23, prohibited the maintenance of any such action, whether founded in tort or in assumpsit. But in its application to *contracts*, it was merely in affirmance of the common law. No *contract*, made in violation of *any statute*, is valid. Nor does it become valid if the statute is repealed. *Hathaway* v. *Moran*, 44 Maine, 67.

But a man may have a *legal title* to property which he intends to sell in violation of law. And, until he does *some act* concerning it, in violation of law, he is entitled to the protection of the law in his possession of it. As a general rule, a person is not liable to be punished for an *intention* to commit a crime; never, unless he has done some act in fur-

therance of that intention.  One may have lumber which he intends to sell without its being surveyed, in violation of the statute.  But while he is liable to be punished for the sale, if made by him, the *intention* to sell does not deprive him of his title to the property, nor of his right to the protection of law in his possession of it.  And if a special statute should provide, that he should maintain no action therefor, (being applicable to the *remedy* only,) its repeal would entirely remove the obstacle.  And, therefore, in the case supposed, an action could be maintained, though the trespass was committed while the statute was in force prohibiting the maintenance of the action.

But the Judge presiding at *Nisi Prius* erred in applying these principles to the case at bar.  For there are certain cases in which the *mere possession* of certain articles, with the intention of using them for illegal purposes, is *itself* an offence.  And such a possession, *being itself illegal*, is entitled to no protection of law; and the possessor could not maintain an action at common law against a trespasser.  It is no offence for one to have possession of unsurveyed lumber, though he intends to sell it in violation of law.  And the intention so to sell it would be no bar to an action against a trespasser.  But the mere *possession* of obscene books, with the intent to sell, or of counterfeiting materials, with the intent to use them for that purpose, is itself an offence.  And, by the common law, no person having such illegal possession could maintain an action therefor against a trespasser.  It would be strange, indeed, if courts of justice were under obligation to aid persons in violating the law.

By the statute of 1855, it was not only made an offence to *sell* intoxicating liquors, but the *possession* of them, with the intent to sell them in violation of law, was a distinct offence, subjecting the liquors to forfeiture, and the owner to punishment.  If the liquors were intoxicating, and the plaintiff in this case intended to sell them in violation of law, his possession was illegal, and entitled to no protection.  In that case the action cannot be maintained.  I therefore, concur in the opinion, that it must stand for trial.