ANDREW BLACKIE *et al.*, RESPONDENTS, *v.* MICHAEL COONEY, APPELLANT.

INSUFFICIENT DENIAL — "DE MINIBUS." Where a complaint in replevin alleged the value of the property taken on June 22, 1870, to be five hundred and seventy dollars, and the answer denied "that the property in the complaint described is or was, on said June 22, 1870, of the value of five hundred and seventy dollars"; and the court, without any testimony on the subject, found the value as alleged: *Held*, that the pleadings justified a finding of any sum less than five hundred and seventy dollars, and that, if by finding that exact amount, any error occurred, it was of that infinitesimal character which could do no injury.

INTEREST AS DAMAGES IN REPLEVIN CASES. In actions to recover personal property wrongly taken, interest from the time of taking may always be given as damages, without proof of special damage.

EFFECT OF STIPULATION TO TAKE DEPOSITION AS ADMISSION. Where it was stipulated that certain depositions "may be taken before L. P. Fisher, a justice of the peace at Woodstock, in the county of Carleton, in the province of New Brunswick": *Held*, that the stipulation was a concession that there was a person named L. P. Fisher, occupying the official position of justice of the peace at the place mentioned, and was an agreement, under the statute, upon that person to take the deposition.

4

DEPOSITIONS—CERTIFICATE OF COMMISSIONER TO HIS OWN OFFICIAL CHARACTER. As the statute in reference to depositions out of the State, (Practice Act, Secs. 412, 414) provides no method of identification of the official character of the person appointed to take them, such person, whether judge, justice of the peace, or commissioner, becomes for the purpose the officer of the court issuing the commission; and his certificate of his own character must be deemed to show *prima facie* that he is the person designated.

CERTIFICATE TO DEPOSITION TAKEN OUT OF THE STATE, WHAT TO CONTAIN. Where it was objected to a deposition taken out of the State that the statement, that the deposition was read over to the witness before signing, was interlined in the certificate and in a different ink from the body of it: *Held*, that the interlineations were of nothing material, as the statute did not prescribe any form of certificate nor require any matter to be specifically set forth, except that the commissioner had administered an oath and taken the deposition in answer to the interrogatories, or, when the examination was without interrogatories, in respect to the question in dispute.

No ERROR IN EXCLUDING IMMATERIAL EVIDENCE. In an action of replevin, where defendant justified under a writ of attachment and execution, and it appeared that the attachment and judgment were admitted but that the suit constituted no justification: *Held*, that the execution was immaterial and its exclusion on any other ground was not error.

OBJECTION OF INSUFFICIENT EVIDENCE. An objection that the evidence is insufficient to warrant a judgment, cannot be maintained where there is substantial testimony for its support.

APPEAL from the District Court of the Second Judicial District, Washoe County.

This was an action of replevin by Andrew Blackie, David Hemphill, and John G. Hemphill for seven head of oxen, alleged to be worth five hundred and seventy dollars, taken by defendant out of the possession of plaintiffs.   Defendant was the acting constable of Washoe Township, Washoe County, and justified the taking under a writ of attachment issued by the justice of the peace of said township in a suit wherein Robert Hamilton was plaintiff and John Brown defendant, and as the property of said Brown.   He also set up in defense that just previous to the attachment Brown had transferred and delivered possession of the oxen to the plaintiffs in fraud of his creditors; that Brown continued to be the real owner thereof, and that they were properly taken on the attachment and afterwards levied upon and sold under an execution subsequently duly issued in said case of *Hamilton* v. *Brown*.

The cause was tried before the court below and resulted in a judgment for the plaintiffs, for the possession of the seven head of oxen and seventy-three dollars and sixty-two cents damages for the taking and detention thereof; and, if the oxen could not be returned, then for five hundred and seventy dollars, the value thereof, and seventy-three dollars and sixty-two cents damages and costs. The defendant moved for a new trial and assigned as errors of law occurring at the trial:

1. The admission of the depositions of the plaintiffs, Andrew Blackie and David Hemphill, against the objections of defendant.

2. The ruling out of the execution in the case of *Hamilton* v. *Brown*, offered in evidence by defendant and objected to by plaintiffs on the ground that it left blank the name of the party against whose property it was issued.

3. In finding that the property was of the value of five hundred and seventy dollars and in finding damages; no proof of any value or of any damages having been offered.

The motion for new trial was overruled, and defendant appealed from the judgment and order.

*Webster & Knox*, for Appellant.

I. The genuineness of the signature of the person named in the commission and agreed upon to take the depositions is not properly authenticated or proved. It is not shown that he was a justice of the peace at the time the depositions purport to have been taken. Both facts should appear upon the depositions or have been proved *aliunde*, as both were necessary to fulfill the terms of the agreement for taking the depositions. There was no waiver of such proofs in the stipulation. *Shepherd* v. *Thompson*, 4 N. H. 215; *Dunlap* v. *Wald*, 6 N. H. 450; 14 La. 795; 2 Scam. 348; 3 Nevada, 280. Neither in the caption nor in the certificates attached does the person signing describe himself as a justice of the peace. The mere adding to the signature the words, ''A justice of the peace,'' etc., does not supply the omission.

See Stats. 1869, 259, 260; 2 Cal. 30; 2 Cal. 284; Starkie on Ev. * 432.

II.    The interlineation of important words in the certificates, unexplained, was a ground for the rejection of the depositions.    Nor does it appear from the certificates, that either of the deponents corrected the deposition to which he subscribed his name, or that he was allowed or had opportunity to correct it, or that he did not wish to correct the same after it was read.    *Lockhart* v. *Mackie*, 2 Nev. 295 ; Stats. 1869, 259, Sec. 409; *Bell* v. *Morrison*, 1 Peters, 351 ; 7 Curtis's Decisions, 614; *Pentleton* v. *Forbes*, 1 Cranch, C. C. 507; 2 Cranch, 1907; 1 U. S.; *Evans* v. *Hettick*, 3 Wash. C. C. 414.

III.    There was error in excluding the execution offered by defendant.    The omission of the name of the person whose property was directed to be levied on was a mere clerical error, which was explained by the exception itself.    A clerical error does not invalidate an execution.    *Toomer* v. *Pinckney*, 1 Rep. Const. Court, (S. C.) 323; *Lewis* v. *Avery*, 8 Ver. 289.

IV.    There was error in finding the value of the property and in finding damages; value alleged and all damages being denied in the answer, and no proof in either respect being offered.    The evidence was also insufficient to sustain the decision.

*Thomas E. Haydon,* for Respondents.

I.    The stipulation admitted the official character of L. P. Fisher, and authorized him to take the deposition.    No further proof was necessary.    *Sargent* v. *Collins*, 3 Nev. 266; 1 Paine, C. C. 362; *Nasse* v. *Smith*, 2 Cranch, 31; 3 Cranch, 112; 5 McLean, 5; 5 Cranch, 120.

II.    The statute only requires the commissioner to take the answers to the interrogatories and reduce them to writing. It requires no reading over or correction of errors.    Stats. 1869, 260, Sec. 414.    This requirement only has place and reference to depositions taken in this State.    Stats. 1869, 259, Sec. 409.

III.   The interlineations are not material; show no alter-
ation in themselves; are not suggested to be improper, or
not genuine, or altered, after leaving the commissioner's
hands; are in his handwriting; and the court could as well
judge of their genuineness over as on the line.

IV.   The execution omitted to show whose property was
to be levied upon or sold; but at any rate it was immaterial.
The attachment and judgment were admitted and gave de-
fendant all the rights that he would have had under the exe-
cution had it been admitted.

V.   The answer contained no proper denial of the value of
the property, and the omission to deny dispensed with
proof of it.   *Carlyon* v. *Lannan*, 4 Nev. 156.

VI.   The allowance without proof of ten per cent. damages
from the time of taking to the date of payment was proper.
*Carlyon* v. *Lannan*, 4 Nev. 160.

VII.   Every fact having any tendency to establish a fraud
is directly in conflict with evidence on the part of the plaint-
iff.   The court needs no authority to prevent its interfer-
ence when there is a conflict of evidence.   *State* v. *Yellow
Jacket*, 5 Nev. 418.


By the Court, WHITMAN, J.:


In this action for the recovery of personal property, tried
before the court, judgment was had, under the statute, for the
property or its value in default of restitution; and legal
interest was allowed from date of taking.

It is objected that the court erred in finding the value of
the property without proof.   The value was alleged in the
complaint as five hundred and seventy dollars, United States
gold coin, to which there was this denial on part of the
defendant: "He denies that the property in the complaint
described is or was, on the said 22d day of June, 1870, of
the value of five hundred and seventy dollars, U. S. gold
coin."   Under this, there can be no doubt that the court, in
the absence of further proof, could, upon the pleadings,

have found for any sum less than five hundred and seventy dollars. If by finding the exact amount, error occurs, it is of that infinitesimal character which can do no injury.

Again, it is said that interest should not have been allowed. In actions similar to the present, upon the question of rule of damages, it is held that legal interest may always be given as damages, without proof of special damage. *Beals* v. *Guernsey*, 8 J. R. 446; *Hyde* v. *Stone*, 7 Wend. 354; *Burrill* v. *Hopkins*, 4 Cow. 53; *Devereux* v. *Burgmin*, 11 Iredell, 490; *McDonnell* v. *North*, 47 Barb. 530; *Ripley* v. *Davis*, 15 Mich. 75; *Robinson* v. *Burrows*, 48 Me. 186; *Oriatt* v. *Pond*, 29 Conn. 479; *Derby* v. *Gallup*, 5 Minn. 119.

Certain depositions were admitted against the objections of appellant, as follows : " That the said depositions are neither of them authenticated by proper certificates, showing that they were taken before the proper officer authorized to take the same, or that the signature of the person purporting to have taken the same is genuine." " That the certificates to the said depositions do not show that said depositions, or either of them, were corrected by the said witnesses, or either of them, or that they had an opportunity to do so, before signing the same ; that the words, 'the same having been previously read over to him by me,' were interlined in the certificate to the deposition of David Hemphill, and the words ' and that I read over the same to him before he signed the same,' in the certificate to the deposition of Andrew Blackie, were interlined therein in a different colored ink from that with which the balance of said certificates and the said depositions were written, and that no explanation of such interlineation was contained in said certificates, or otherwise shown."

These depositions were taken under this stipulation: "In the above cause it is hereby stipulated and agreed that the depositions of Andrew Blackie and David Hemphill, two of the plaintiffs in the above cause, may be taken before L. P. Fisher, a justice of the peace at Woodstock, in the county of Carleton, in the province of New Brunswick * * * "

This stipulation certainly concedes that there is a person

named L. P. Fisher, occupying the official station of justice of the peace at the place named; and was an agreement, under the statute, upon that person to take the deposition. This is the statute quoted so far as is necessary for illustration. "Sec. 412. The deposition of a witness out of this State shall be taken upon commission issued from the court, under the seal of the court, upon an order of the judge or court, on the application of either party, upon five days' previous notice to the other. It shall be issued to a person agreed upon by the parties, or if they do not agree, to any judge or justice of the peace selected by the officer granting the commission, or to a commissioner appointed by the Governor of this State to take affidavits and depositions in other States or territories." "Sec. 414. The commission shall authorize the commissioner to administer an oath to the witness, and to take his deposition in answer to interrogatories, or when the examination is to be without interrogatories in respect to the question in dispute, and to certify the deposition to the court, in a sealed envelope directed to the clerk or other person designed or agreed upon, and forwarded to him by mail or other usual channel of conveyance." Stats. 1869, p. 260.

Referring to the citation it will be seen that no method of identification is provided; that any person, whether judge, justice of the peace, or commissioner is, for the nonce, the officer and commissioner of the court whence the commission issues. One thus certifying himself must, therefore, be deemed to have shown *prima facie* that he is the person designated. It is not suggested here that the deposition was not in fact taken by the party named; but that such taking is not proven under the following certificate, substantially the same in each deposition: "The execution of the commission to examine Andrew Blackie and David Hemphill, directed to me, issued out of said court on the eighth day of the month of May, will appear by the papers hereto annexed. Given under my hand and seal, in town of Woodstock, county of

Carleton, province of New Brunswick, dominion of Canada, this twenty-ninth day of May, A. D. 1871.

[SEAL.]        LEWIS P. FISHER, J. P., C. Co.

*      *      *      *      *      *      *

On the twenty-ninth day of May, in the year of our Lord one thousand eight hundred and seventy-one, at the town of Woodstock, in the county of Carleton, province of New Brunswick, dominion of Canada, came David Hemphill, the aforesaid witness, and deponent, who being by me first carefully examined and sworn to testify the truth, and answer each and every of the interrogatories and cross-interrogatories annexed to the commission hereto affixed, gave the several answers above and within written, which were reduced to writing by me, and by him subscribed in my presence, pursuant to the authority contained in said commission, the same having been previously read over to him by me. All which I hereby certify.

L. P. FISHER,

Mayor of said town of Woodstock, county of Carleton, and a justice of the peace in and for the same."

In the view taken of the statute, this certificate is *prima facie* sufficient; so the objection cannot stand. *Sargeant* v. *Collins,* 3 Nev. 266; *Ruggles* v. *Bucknor,* 1 Paine, C. C. 359.

The interlineations were of nothing material, as the statute does not prescribe any form of certificate as to depositions taken out of the State, nor any matter to be specially set forth therein, save as it is to be gathered from section 414, before quoted ; which would be satisfied by the certificate of the commissioner that he had administered an oath to the witness, and taken his deposition in answer to the interrogatories; or when the examination was without interrogatories, in respect to the question in dispute. Again, it is not pretended that the interlineations were not in the handwriting of the remainder of the certificates; nor that the depositions were not properly returned to the clerk of the court, and by him securely kept until opened by counsel in

his presence, as by statute provided; so there would seem to be no more call for explanation upon one party than the other; the paper having been continually, except when absolutely *in transitu*, in keeping of the court's own officer.

No harm followed from the exclusion of the execution; in view of the proofs previously made, it was immaterial.

That the evidence is insufficient to warrant the judgment can not be maintained, as there is substantial testimony for its support. In fact, the case seems to have been fairly tried and properly decided, both in fact and law.

The order and judgment appealed from are affirmed.

GARBER, J., did not participate in the foregoing decision.