[No. 1920]

## C. W. LONG AND H. F. BARTINE, APPELLANTS, *v.* THOMAS TIGHE, HARRY WHEELER, AND WILLIAM JACOBS, RESPONDENTS.

1. PROCESS—SERVICE—PROOF OF SERVICE.
   Where personal service was had upon a nonresident, a certificate of the notary who administered the affidavit to the person making the service is *prima facie* proof of official character, and cannot be overturned in the absence of rebutting evidence.

2. JUDGMENT—COLLATERAL ATTACK—VOID JUDGMENTS.
   A void judgment may be collaterally attacked.

3. JUDGMENT—ENTRY OF JUDGMENT—AUTHORITY OF CLERK—SERVICE BY PUBLICATION.
   Rev. Laws, 5236, subd. 3, providing that, in actions where service is by publication, the plaintiff upon the expiration of the time within which the defendant is required to answer may apply for judgment, and the court shall thereafter require proof of publication, does not govern in actions where personal service is had upon a nonresident, even though the statute declares such service equivalent to publication, for there could be no proof as in case of publication, and the obvious intent of the statute was to protect the rights of nonresidents; hence a default in such case may be entered by the clerk.

4. ATTACHMENT—RETURN—EFFECT.
   Where a judgment was had upon attachment of property of a nonresident and the personal service of summons, it cannot be presumed, as against the sheriff's return of service of the attachment, that there was an occupant upon the land attached.

5. EXECUTION—SALES—WHO MAY QUESTION.
   Where land was sold upon execution, persons not tracing their title through the judgment debtor cannot question the sufficiency and validity of the sheriff's deed.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers*, Judge.

Action by C. W. Long and H. F. Bartine against Thomas Tighe, Harry Wheeler, and William Jacobs. From a judgment and order sustaining a motion for nonsuit, plaintiffs appeal. **Reversed and remanded.**

The facts sufficiently appear in the opinion.

*Thompson, Morehouse & Thompson,* for Appellants:

The certificate, under seal of the notary of California, to the affidavit of service of summons was sufficient to

admit the summons in evidence, as due service upon Brunswick. (Comp. Laws, 2728; *Pardee* v. *Schanzlin*, 86 Pac. 812.)

The clerk had the right to enter the default and the judgment. (Comp. Laws, 3244, 3247; *Jennings* v. *Rocky Bar*, 70 Pac. 136; *Hunter* v. *Wenatchee*, 79 Pac. 40.)

At most the entry of default and judgment by the clerk would only be an irregularity, and, the court having jurisdiction, the judgment is not subject to collateral attack. (*Estate of Newman*, 75 Cal. 213; *Alderson* v. *Bell*, 9 Cal. 231; *Mibetule* v. *Aten*, 37 Kan. 33; *Keybers* v. *McConeber*, 67 Cal. 399; *Peel* v. *Strauss*, 30 Cal. 678; 3 N. Y. S. 122; *Heinrich* v. *Englund*, 34 Minn. 395; *Brunded* v. *Egbert*, 30 Atl. 503.)

The sheriff was acting under his official oath, and, in the absence of any showing to the contrary, we must presume that he did his duty. The presumption is that every public official does his duty. This applies with full force to the official acts of a sheriff. (Cyc. vol. 35, 1827; Cyc. vol. 16, 1076.)

*Detch & Carney*, for Respondents:

The certificate of service by one Caldwell at Los Angeles fails to show what age the party making the service was at the time the service was made. The failure to so state was fatal. (*Sherwin* v. *Sherwin*, 33 Nev. 321; *Lyons* v. *Cunningham*, 4 Pac. 938; *French* v. *Ajax*, 87 Pac. 359; *Howard* v. *Galloway*, 60 Cal. 10; *Maynard* v. *MacCrillish*, 57 Cal. 355.)

The certificate of the notary public in California to the affidavit of service of summons was not sufficient. There is no statute in this state similar to section 1875 of the code of civil procedure of California enumerating matters of which courts will take judicial notice, among them being the seal of a notary public. Our statutes being silent as to what the courts will take judicial notice of, and failing to state that the seals of notaries public outside the state shall be *prima facie* of the genuineness thereof, should it be presumed that the mere naked

certificate of a notary public with seal attached, taken without the state, is a sufficient authentication of the instrument to which it is attached? We respectfully submit it should not be, for it leaves open a great method by which frauds can be practiced upon the courts and citizens of this state.

The entry of default and judgment by the clerk was not sufficient in conformity with section 3247 of the Compiled Laws. Subdivision 3 of section 3247 specifies the method of procedure for taking judgment in such cases. It is a judicial procedure for the court, and not ministerial for the clerk.

The return of the sheriff in this case fails to show affirmatively that there was no occupant of the premises, which it should have done, so that he would be permitted to post a copy thereof; neither was there any evidence introduced in said cause, or attempted to be introduced, showing or tending to show that there was no occupant. Such being the case and there having been a failure in creating a lien by virtue of the attempted levy of attachment, the court never acquired jurisdiction in the matter. (*Schwartz* v. *Cowell*, 12 Pac. 252.)

By the Court, NORCROSS, J.:

This is an appeal from a judgment entered upon an order sustaining a motion for a nonsuit. Appellants brought their action for restitution of a certain parcel of land described as lot 1 in block 3 of the Phenix North addition to the town of Goldfield. The complaint alleged that on the 26th day of August, 1905, and for a long time prior thereto, one George Brunswick was the owner of said lot. That on the day last mentioned the plaintiff, C. W. Long, brought his certain action upon a money demand against the said Brunswick, and attached the said lot in question; that thereafter, and on the 9th day of January, 1906, judgment was obtained in said action in favor of the plaintiff Long and against the said defendant Brunswick; that execution was issued upon said judgment, and the said property therefore attached was

sold under execution to the appellants in this action, and after the time for redemption had expired a sheriff's deed was executed and delivered to appellants; that between the time of the levy of the writ of attachment and the execution and delivery of the said sheriff's deed, the respondents did, without right or title, enter into and upon said lot, and did take full possession thereof and did oust and eject the said Brunswick and all persons claiming under him therefrom. The answer, in addition to other matters, denied the validity of the judgment obtained by plaintiff Long in his suit against Brunswick, and the validity of the sheriff's deed executed in pursuance of the sale on execution based on said judgment. At the trial, as part of appellant's case, the judgment roll in the case of *Long* v. *Brunswick* and the papers in the execution sale were offered in evidence. Objection was made thereto upon the ground that the judgment was void upon the face of the judgment roll, and the objection sustained.

**1.** The judgment in the Brunswick case was entered upon default. Personal service of summons was had upon Brunswick in California, following an order for publication of summons, and, the defendant having failed to answer within the time allowed by law, his default and a judgment upon default were entered by the clerk. It is contended, first, that there was not sufficient proof of service, for the reason that the affidavit of the person making the service does not appear to have been made before a person authorized by law to take and certify to an affidavit. The affidavit purports to have been sworn to before one G. F. McLellon, a notary public in and for the county of Los Angeles. The certificate is in due form and under the seal of the notary, and the date when his commission expires is appended. Conceding, for the purposes of this case, that this is a question which could be raised by objection to the introduction of the judgment roll, the question is one which was decided by this court some forty-six years ago, contrary to the respondents' contention. In *Sargent* v. *Collins*, 3 Nev. 272, this court

held that a certificate to a deposition under the seal of the notary was *prima facie* evidence of official character, and that further proof of that fact could only be required after such evidence was overcome by rebutting testimony. See, also, *Blackie* v. *Cooney*, 8 Nev. 41, 48.

It is next contended that the affidavit fails to show that the person making the service was over 21 years old, as required by the statute, at the time of making the service.     This objection is without the slightest merit. The affidavit sets forth that the affiant is over the age of 21 years, and the affidavit was made on the same day that the service was made.

**2, 3.** The point mainly relied on is the authority, or want of authority, of the clerk to enter the judgment. If the clerk entered the judgment without authority so to do, it is void and subject to collateral attack.   It is the contention of counsel for respondent that, in cases where a defendant is personally served without the state in lieu of publication of summons which has been ordered, the clerk cannot enter judgment for failure to answer without the order of the court, as in the case where the defendant is served within the state.   In the case where there has been personal service without the state, it is contended that subdivision 3, Rev. Laws, 5236, controls.

Subdivision 3 reads: "In actions where the service of the summons was by publication, the plaintiff, upon the expiration of the time, within which by law the defendant is required to answer, may, upon proof of the publication and that no answer has been filed, apply for judgment; and the court shall thereupon require proof to be made of the demand mentioned in the complaint, and if the defendant be not a resident of the state, shall require the plaintiff, or his agent, to be examined on oath respecting any payments that have been made to the plaintiff, or to any one for his use, on account of such demand, and may render judgment for the amount which he is entitled to recover.   *   *   *"

While the section of the statute relative to publication of summons provides that personal service without the

state "shall be equivalent to publication," etc., we are not of the opinion that these words are of any force in construing the provisions of subdivision 3, *supra*. While personal service outside the state is "equivalent to publication," it is not service by publication. Where there has been personal service, there can. be no "proof of the publication," as required in subdivision 3, *supra*, for there has been no publication. Subdivision 3, doubtless, was intended for the protection of defendants where substituted service by publication has been had, in which cases actual notice of the action may never, in fact, have reached the defendant. The court, we think, erred in excluding the judgment roll from evidence.

**4, 5.** The contention of respondents that the return of the writ of attachment fails to show that the sheriff served a copy of the writ upon the "occupant" of the attached property is, we think, without merit. As against the return of the sheriff, there is no presumption that there was an occupant. Where, as in this case, it appears that a judgment was obtained against Brunswick, and that there was a sale upon execution of the interest of Brunswick in the property in question to the appellants in this action, respondents, not claiming title through Brunswick, are not in position to question the validity of the sheriff's deed issued in pursuance of the execution sale.

Judgment reversed, and cause remanded for a new trial.