MAPES *vs.* COFFIN and others.

DAVIS & BROOKS *vs.* COFFIN, MAPES and others.

Where a testator, previous to the revised statutes, died, leaving personal property insured against loss by fire, and M., a creditor, recovered a judgment against the executors, and levied his execution on the property in their hands, which property was afterwards destroyed by fire; *Held*, that M. was entitled to priority of payment out of the insurance money, over a judgment in favor of other creditors, subsequently recovered against the executors.

An appeal from the final decree only, does not bring before the appellate court, for review, a question which has been definitively adjudicated and disposed of, by an interlocutory decree or order, previous to such final decree,

Where the appellant does not succeed in reversing any part of the decree and the respondent has not brought a cross appeal, the appellate court

cannot reverse or modify the decree, in a part thereof which is erroneous as to such respondents.

THE bill in the first of the above causes was filed against the executors of Amos Coffin, deceased, and the Washington Insurance Company, to obtain payment of a judgment debt, out of the amount due upon a policy of insurance upon the goods of A. Coffin; which goods were destroyed by fire, after the complainants' execution had been levied thereon. The complainants in the second suit also sought payment of a judgment recovered by them against the executors of A. Coffin, subsequent to the fire. Both causes were referred to the vice chancellor of the fourth circuit, to be heard together. In September, 1830, he made a decree, declaring, among other things, that Mapes had a lien upon the policy and the money due thereon, for the satisfaction of his judgment of $1585,35, and interest; and that he was entitled to priority in payment, over the judgment of Davis and Brooks, which was also a lien. A feigned issue was thereupon awarded, to ascertain the liability of the insurance company, and the amount of the loss. The feigned issue was decided against the company; and the amount of the loss for which the company was found to be liable upon the policy, was $1531,35. This sum, being less than the amount of the judgment of Mapes, the vice chancellor decreed to be paid to him; and directed the bill of Davis and Brooks to be dismissed, but without costs. From this last decree, except the part thereof which excused them from the payment of costs, the complainants in the last suit appealed.

*J. Blunt*, for the appellants.

*C. Edwards*, for the respondent Mapes.

*R. L. Shieffelin*, for the Insurance Company.

THE CHANCELLOR. The complainant, Mapes, having obtained the first judgment against the personal representatives, and levied his execution upon the goods of the testator in

their hands, was entitled to a priority in payment; the money due upon the policy being legal and not equitable assets, and the testator having died previous to the revised statutes. And the amount of the assets being less than the sum which was due upon the judgment of Mapes, the bill of the appellants was properly dismissed. The merits of the case are therefore clearly with the respondents.

Again; the counsel for the respondents are right in supposing that the question as to the priority of Mapes' claim is not properly before me on this appeal. That question was distinctly decided, and decreed against the appellants, in September, 1830; and if they were not satisfied with the decision, they should have appealed from that decree. An appeal from the final decree only, cannot bring up a question which had been definitively adjudicated and disposed of previous to the time of making such decree.

There is no pretence of claim for costs, in favor of Davis and Brooks, against the insurance company. If any costs were to be given, the claim for them would more properly have been made on the other side.

The decree appealed from is therefore affirmed, with costs to Mapes, and the insurance company, who are the only defendants who have appeared on the appeal. Neither of these parties having brought a cross appeal, I cannot alter the decree of the vice chancellor, so as to give them costs in the original suit, as against the appellants,