*1841.*

Copous
v.
Kauffman.

---

COPOUS, executrix, &c. *vs.* KAUFFMAN and others.

Upon a reference to a master, on a creditor's bill, to appoint a receiver of the property and effects of the judgment debtor, and to examine witnesses as to such property and effects and as to other matters charged in the bill and not admitted by the answer of the defendant, the complainant cannot compel the wife of the defendant to submit to an examination, before the master, as to such property and effects, or as to any other matter charged in the bill; although the husband is a lunatic and cannot himself be examined, or compelled to make a discovery of his property.

The wife cannot be examined as a witness either for or against her husband in a civil suit. But she may be compelled to testify as a witness, in a suit between other persons, where the husband would himself be compelled to testify as a witness.

Under the usual order for a reference to appoint a receiver, on a creditor's bill, and directing the judgment debtor to deliver over his property and effects to such receiver, the only objects of authorising the examination of the defendant and of witnesses, before the master, are to ascertain the nature and value of the defendant's property, to enable the master to determine who would be a proper receiver thereof and the amount of security which such receiver should give, and to enable the complainant and the receiver to ascertain whether the order of the court is complied with, by the defendant, in delivering over the whole of his property. It is therefore erroneous to direct the examination of the defendant, or of witnesses, to any other matters charged in the complainant's bill; except where such examination is intended as a substitute for an answer, in cases where the defendant has given a stipulation to that effect, as authorised by the 191st rule of the court.

Where the complainant obtains an order for the appointment of a receiver of the property of a defendant, who is a lunatic and has put in an answer

1841.

Copus
v.
Kauffman.

by his guardian ad litem, without any direction to the defendant to assign, or deliver over his property, the complainant is not authorised to call and examine witnesses, on the reference, after the receiver has been appointed, for the mere purpose of obtaining testimony to be afterwards used in the cause.

Upon an appeal from an order of a vice chancellor, carrying into effect a previous interlocutory order which has not been appealed from, the appellant is not entitled to have the order appealed from reversed, upon the ground that the previous order, not appealed from by him was erroneous.

If the property of a judgment debtor against whom an execution has been returned unsatisfied, is in the actual possession and control of his wife, under circumstances which render it impossible to reach and obtain possession thereof by a creditor's bill filed against the husband alone, it seems a bill may be filed against her and her husband jointly, so as to obtain a decree which would reach the property in her hands and compel her to deliver it up for the satisfaction of the husband's debts.

Whether a creditor's bill is a proper proceeding against a lunatic, after the return of an execution unsatisfied, to reach his property and have it applied in satisfaction of the judgment; *Quere ?*

January 5.

THIS was an appeal from an order of the vice chancellor of the first circuit, compelling the wife of C. H. Kauffman, a defendant in a creditor's bill, to submit to an examination before the master to whom it was referred to appoint a receiver of her husband's property, equitable interests and choses in action. It appeared from the affidavits that defendant Kauffman, the judgment debtor, was a lunatic at the time of filing the bill ; and that his wife was originally made a party defendant with him. That she demurred to the bill, which demurrer was allowed by the vice chancellor, and the bill, as to her, was dismissed with costs. A guardian ad litem having been appointed for the husband, he put in a general answer ; leaving the complainant to her proof of the matters stated in the bill. An order was afterwards obtained for the appointment of a receiver of the property and effects of the judgment debtor, by a master, and that upon such appointment being made by the master and confirmed, the receiver should be vested with all the property and effects of the defendant which belonged to him at the time of the filing of the complainant's bill, or with so much thereof as would be sufficient to pay the debt and costs ; and that the *complainant* be at

liberty to examine witnesses before the said master in relation to the said property and effects ; and to the other matters charged in the bill of complaint and not admitted by the defendant, or his guardian ad litem.   But the order omitted the ususal direction to the defendant to assign and deliver over his property and effects to the receiver on oath.   A receiver was appointed accordingly, by the master, and his appointment was confirmed by the court. The complainant afterwards summoned the wife of the defendant before the master to be examined as a witness as to the property.   But under the advice of the guardian ad litem for the defendant she refused to be examined ; the guardian ad litem insisting that she could not lawfully be examined as a witness against her husband, or in relation to his property which the complainant sought to reach in this suit.   The vice chancellor, upon a subsequent application to him, made the order appealed from ; which order directed that the wife, upon a summons for that purpose to be served upon the guardian ad litem of the husband, should attend before the master and submit to an examination in relation to the property and effects of her husband, and to the other matters charged in the bill, or that an attachment issue against her ; and that she pay the costs of the motion, &c. upon filing the master's certificate of her neglect or refusal to attend and be examined.   But if she should submit to such examination, that then the costs of the application should abide the event of the suit.

*C. Edwards*, for the appellant.   The receiver, after his appointment, alone can receive and collect the effects of the judgment debtor.   The complainant's duty is thus at an end.   He is not to lend himself to what, in his hands, might be an harrasment.   (*Ryckman* v. *Parkins*, 5 *Paige*, 543.   *Ray* v. *Macomb*, 2 *Edward's V. C. Rep.* 165.)   A bill of discovery cannot be filed against a lunatic, for he cannot answer ;  and if he cannot answer, no relief should be had where it can only be consequent upon a discovery. (*New* v. *New*, 6 *Paige*, 237.)

A *feme covert* cannot be examined on a receiver's refer-ence to discover property of the husband. The lunacy of the husband strengthens the objection to the examination of the wife as a witness. (5 *Paige,* 491.) A wife will not be allowed as a witness where it can influence a decis-ion for or against her husband. See Chancellor Wal-worth's decision in *The City Bank* v. *Bangs,* (3 *Paige,* 36.) A wife could not have been examined against her insolvent husband, if the statute had not allowed it. The same remark applies to matters of bankruptcy in England, and even in the latter case, she cannot be examined be-yond the very letter of the statute. (*Ex parte James,* 1 *P. Wms.* 610.) If the wife should, on an examination, be made to discover property to the amount of one hun-dred dollars, the husband would be subjected to a decree for costs. The mere liability to costs is a sufficient bar to her evidence. (*Head* v. *Head,* 3 *Atk.* 547.) The princi-ples of evidence in a master's office are the same as in open court. (*Bennet's Master,* 10.) The appeal having been taken by the guardian ad litem, and as the point may be new and the acts in good faith, the order below should, at least, be varied as to the costs. (*Attorney General* v. *Butcher,* 4 *Russ.* 180.)

*A. Thompson,* for respondent. The complainant asks not for this examination of the wife to establish any claim against the husband, but merely to show where her hus-band's property is ; and which the bill charges that she has secreted, having the charge of her husband's business dur-ing his incompetency. The testimony given on this ex-amination cannot be used as evidence in the cause, it be-ing only to enable us to point out to the receiver where the property is. This examination must be had, or there will be a total failure of justice in this cause. The hus-band, in consequence of his ignorance and incompetency of mind, is unable to answer as to the property ; and al-though we are able to prove that there is property that should be applied in payment of our debt, yet in conse-

quence of the wife having secreted it, we cannot find where it is. (5 *Vesey*, 325.) Such examination will contravene no decision in law or equity. The English and American decisions are all based upon the principle, that the wife shall not, by her testimony, establish a claim against the husband. This question is nearly allied to cases of insolvency in our own state, (2 *R. S.* 37,) or proceedings in bankruptcy in England, where the wife is examined. There is no impropriety in the complainant taking proceedings to discover the defendant's property (5 *Paige*, 543. 2 *Edwards*, 165. 6 *Paige*, 239.)

THE CHANCELLOR. The bill having been dismissed as to the wife of Kauffman, the judgment debtor, upon the allowance of her demurrer, the vice chancellor clearly had no right to order her to be examined as a party to the suit, over whom he had jurisdiction in that character. Indeed the order of reference only authorized the examination of *witnesses* before the master, as to the property and effects of the judgment debtor, *and as to other matters charged in the bill*. Even to that extent, the original order was erroneous in authorizing an examination relative to other matters charged in the bill. For the defendant had not consented to submit to an examination upon a reference to appoint a receiver, under the 191st rule, as a substitute for an answer. (*Hopkins* v. *Wemple, ante, p. 571.*) And the order itself contained no direction to the defendant to deliver over his property on oath or otherwise ; so as to render it necessary to examine either parties or witnesses for the purpose of ascertaining whether that part of the usual order in such cases had been complied with by the defendant. The court never orders a reference in such a case for the mere purpose of authorizing the complainant to hold an inquisition to hunt up testimony, to be afterwards used in the cause, to enable him to collect his debt. Previous to the appointment of the receiver it might be necessary, for the purpose of the reference to examine witnesses as to the nature and extent of the defendant's

property ; for the purpose of enabling the master to decide who would be the proper person to be the receiver of such property, and the amount of the security which he was to give. But after that had been done, every legitimate object of the reference in this particular case would appear to have been accomplished, had not the order contained this further power to examine witnesses to prove the allegations in the complainant's bill, that the defendant had property, &c. But as that order was not appealed from, the defendant cannot, upon the appeal from this subsequent order, insist that such an order was erroneous, and ought not to have been made. The only proper question for examination upon this appeal, therefore is, whether the wife of the defendant shall be examined as a witness against him under this order, to obtain a discovery of property, which may aid the complainant in obtaining a decree against him or his property.

If a creditor's bill is a proper proceeding against a lunatic, to enable the judgment creditor to obtain satisfaction out of his estate, and the property is actually in the possession and under the control of his wife, so that the complainant would be entirely without remedy unless he could obtain a decree against her for the delivery of such property, I am not prepared to say that a bill in chancery might not be so framed as to reach that case. But I think the guardian ad litem of the husband, in this case, had a right to object that the wife should not be compelled to submit to an examination, as a witness, for the mere purpose of obtaining a discovery of her husband's property. In any proceeding against a third person, by the receiver, in which the husband himself would not be disqualified or excused from giving testimony, on the ground of interest or otherwise, his wife may also be compelled to testify as a witness in the cause. But it is well settled that she cannot be a witness either for or against him in any civil suit to which he is a party. And he has a right to insist that she shall not be compelled to answer on oath, as a witness, for the mere purpose of aiding the proceed-

ings of the complainant in such a suit against him. It is
only necessary to refer to the decision of this court in the
case of *The City Bank* v. *Bangs and others,* (3 *Paige's
Rep.* 36,) and the cases there cited, for the settled rule of
law on this subject. Under the bankrupt and insolvent
statutes, this principle of the common law has been dis-
pensed with, to some extent ; by express enactments re-
quiring the wife to submit to an examination as to the situ-
ation and disposition of her husband's property. But un-
der those statutes the husband receives a corresponding
benefit, in being discharged from his debts upon delivering
up his property for the benefit of his creditors ; or at least
he gets discharged from imprisonment for debt. If the
common law rule on the subject requires a modification in
other cases, it belongs to the legislature and not to the
courts to give the proper relief.

The order appealed from must therefore be reversed ;
and the costs of the guardian ad litem of the defendant
Kauffman, both upon the appeal and upon opposing the
application before the vice chancellor, must be costs in the
cause ; to be paid to such guardian personally, if he suc-
ceeds in the defence of the lunatic in the suit.