### BENJAMIN BISHOP v. IRA DAY, et al.

#### (Practice.)

Where a bill in chancery is demurred to, and the chancellor dismisses the bill and the orator appeals to this court, the party demurring will open the argument.

The statute, authorizing the reversal of the chancellor's decree for any "errors *assigned* or *found*," does not imply that the party appealing must make a formal assignment of errors. The court will look into the whole case and examine all errors that are either assigned or found.

THIS was an appeal from the decree of the chancellor of this circuit. The case in the court below was heard on demurrer to the bill, and from the chancellor's decree, dismissing the bill, the orator appealed to this court.

A question was now made by the counsel for the appellant, whether they ought not to be permitted to go forward in the argument.

By the court.—The case will proceed here in the same form and manner, as if it were now in the court of chancery, and to be heard for the first time. The party demurring will

CHITTENDEN
*January,*
1841.

Bishop
*v.*
Day *et al.*

open the argument. What is said in the statute in regard to the decree of the chancellor being liable to reversal in this court, for any " errors assigned or found," does not imply that the party appealing from the decree of the chancellor to this court, must make a formal assignment of errors. All that is there required is, that the court shall look into the whole case, and " shall examine all errors, that shall be assigned or found," i. e. all errors which shall be pointed out by the party objecting to the decree, or which in any other way shall come to the knowledge of the court.