## AVERY *vs.* WOODBECK.

Under section 353 of the Code, which requires that upon appeal from a judgment rendered by a justice of the peace, the appellant shall, within twenty days after judgment, serve a notice of appeal, " *stating the grounds upon which the appeal is founded*," the appellate court cannot reverse the judgment, upon grounds not stated in the notice of appeal.

By limiting his grounds of error to certain specified points, the appellant impliedly admits he has no other.

Thus where the appellant, in his notice of appeal, fails to enumerate, among the errors complained of, the fact that the justice had not jurisdiction, he will be deemed to have waived that objection, and be excluded from insisting, on appeal, that jurisdiction is not shown to have been acquired by the justice.

When the jurisdiction of an inferior tribunal is attacked directly, upon appeal, it must stand upon the record alone, and cannot be sustained by other evidence.

On appeal from a justice's judgment, it is made the duty of the party alleging a want of jurisdiction in the justice, to state it as a ground of error, in his notice of appeal; so that it may be shown by the return of the justice whether the allegation be true; and that the opposite party, and the justice, may not be misled and deceived, as to the grounds of appeal.

If there be any informality in the process, issued in a justice's court, or as to the constable who served it, it lies with the party appealing to make it appear. This he can do by making the objection in his notice of the grounds of appeal, in the proper form, and obtaining a return from the justice, stating the defect. The *onus* of showing error is with the appealing party.

THE plaintiff, Avery, obtained a judgment against the defendant, Woodbeck, before G. W. Garrison, Esq., a justice of the peace of Greene county, for $35. There was no appearance by Woodbeck, in the case, before the justice. The defendant appealed from the judgment of the justice, to the county court of Greene county, which court affirmed the judgment, and Woodbeck appealed to this court.

The defendant, in his notice of appeal, assigned the following as the only grounds of error upon which the appeal was founded, viz:

"*First.* The said justice erroneously allowed, admitted and received immaterial, irrelevant, improper and illegal

Avery *v.* Woodbeck.

testimony and evidence, offered by the plaintiff, on the trial of the said action.

*Second.* That the said proceedings and judgment, and every part thereof, is against law, and against the evidence in the case.

*Lastly.* That this appeal is taken upon questions of law, only. And the defendant claims that the said judgment should have been a judgment against the plaintiff, and in favor of the defendant, of no cause of action, with $5 (or thereabouts) costs."

The justice made the following return, [Title of the cause:] "Summons issued May 16, 1870, and returnable May 27th, at one o'clock in the afternoon, at my house in Halcott. Summons personally served the 20th day of May, 1870, on the defendant, by Wm. H. Race, constable. Fees $4.25, 1870, May 27th, at two o'clock in the afternoon, at my house in Halcott, suit called, and plaintiff appears in person. Defendant did not appear, in person or by attorney."

No question was raised, on the argument of the appeal, that the judgment was not sustained by legal evidence. The only question urged was that jurisdiction was not shown to have been acquired by the justice.

*J. A. Griswold,* for the appellant.

*W. A. Ten Broeck,* for the respondent.

P. POTTER, J. 1. It is too well settled to admit of discussion, that where the return of the justice shows that *he had not jurisdiction,* his judgment would be a nullity. No authority need be cited, to sustain this proposition. The proposition applies to all inferior jurisdictions.

2. Where the want of jurisdiction is made a ground of error, and notice thereof is given to the justice, calling for his return to show the means by which he acquired juris-

diction, the failure in the return to show it, would doubtless be good cause to reverse his judgment.

But neither of these cases are now presented for our judgment, but quite another, which will be stated.

3. And it may equally well be conceded that the question of jurisdiction can always be raised, in such proceedings, collaterally as well as directly. When attacked in a collateral proceeding, it may be sustained by other evidence, notwithstanding the omission of the record to show it; but when attacked directly, as it may be, under our system of appeal, it cannot be sustained by other evidence; it must stand upon the record alone. In that case, it is made the duty of the party alleging the want of jurisdiction, to state it as a ground of error, in his notice of appeal; so that it may be shown by the return whether the allegation be true. Were this not so, great frauds and injustice might be brought into practice, The party appealing might mislead and deceive his adversary and the justice, by a false pretense of stating errors that did not exist, and surprise the party, on appeal, by arguing as error, a point he had not complained of, and which, perhaps, might have been met and answered had it been stated in the notice. It does not comport with justice and fair dealing, and I think no court should tolerate a practice susceptible of being used for an unfair or dishonest purpose.

In the case before us, we are called upon to decide: *First.* Whether the appellant, by his proceeding, has not either waived the question of jurisdiction, on his part, (which he has the power to do,) or whether he is not estopped from raising that question by a misleading of the justice as to the particulars in which he desired him to make return. To determine this, we must look not only at the letter, but also at the spirit and intent of the statute, and the policy of the practice intended to be introduced by it.

And, first, of the statute. The 353d section of the Code declares that in such a case "the appellant *shall*, within twenty days after judgment, serve a notice of appeal *stating the grounds upon which the appeal is founded.*" What is the use of this provision? What was intended by it? Does it mean nothing? If it means something, what does it mean? The language is imperative. Can the court hold that notwithstanding this positive language, this specific requirement, it is useless; that the court can reverse for grounds not stated, as well as upon those that are? That it is a nugatory provision; that the Supreme Court may reverse or affirm the judgment upon other grounds than those complained of, even though the complaining party has deceived and misled the justice by limiting his grounds of complaint? *Non constat* the justice would not have returned all the facts showing complete jurisdiction, had he been requested; or had such a ground of complaint been stated, in the notice. By limiting his grounds of error to specific points, he *impliedly* admits he has no other. It is a rule that that which is implied in a statute is as much a part of it as what is expressed. (*See United States* v. *Babbett*, 1 *Black*, 61; *Gelpeche* v. *City of Dubuque*, 1 *Wallace*, 221.) Another rule is, that whatever tends to render an act, or any part of it, null or without effect is to be rejected. So, also, of every interpretation that leads to an absurdity. So, too, it is a rule, that every expression is to be construed so as to give some meaning and effect to it; and the ancient maxim, "*Expressio unius est exclusio alterius*," is applicable here, as being consonant to reason. Why *express*, in a statute, language conferring the right, and giving the only manner of bringing an appeal, if the party bringing it may disregard those grounds of express requirement, and ask a reversal of the judgment on other grounds? This construction is not at all in conflict with the principle that jurisdiction can always be inquired into. It is entirely consistent with that other

Avery *v.* Woodbeck.

principle, that a party may, and shall be held to, waive the want of jurisdiction by his own act, and when it is so waived, he will be held estopped from inquiring into it. If the issuing of the summons did not of itself confer jurisdiction, or if the constable had failed to serve it, as required by statute, still, if the party had appeared, on its return, and put in an answer, or admitted jurisdiction, could he afterwards be heard to say the justice acquired none? And this not because the justice actually had it, but because the party had done an act that waived the objection. Such an act, he can perform as well after judgment as before. He can as well waive a right by silence as by action. It is a maxim that he who remains silent when it is his duty to speak, shall not be heard to contradict the act performed by reason of such silence. The statute made it his duty to speak out the errors he complained of; he should not afterwards be permitted to speak. He must speak his complaints within twenty days. His bringing his appeal and setting forth the grounds, which imply the admission of jurisdiction, is, I think, such a waiver of that objection, not only by a fair construction of the provisions of the statute, but, upon authority he is excluded from raising it. He has done a wrong, by disobeying the statute, and he shall not take advantage of it.

Nor are we prevented from looking at the policy of this statute provision, or the consequences of holding to the want of jurisdiction in such a case. The policy is clear and plain, that the party claiming to be aggrieved shall make known his cause of grievance; and the defendant here was bound, specifically, to state his. This imposed no hardship on him. It was but a reasonable requirement. By this notice he apprised his adversary and the justice of the precise grounds of his complaint. These grounds the justice was bound to notice, and to mention in his return, so that the defendant might have them reviewed.

Nor is it any hardship on a party to confine him to the points upon which, *only*, he complains, and to exclude him from all others. His expression of certain specific grounds, by legal construction excludes all others. No doubt this statute was intended to simplify proceedings; its title so declares. Technicalities, as well as bad faith, should be excluded. The consequences of holding this judgment to be void for want of jurisdiction might be, not only against the truth, but against the truth which might have been made to appear to this court, but for a possible device of the appellant, which his notice concealed, and by which the justice was probably misled. It is the appellant's fault that the justice did not return and show whether or not he had jurisdiction, and he should not have the advantage of his own wrong, perhaps his own fraud. The return of the justice has met all the questions asked in the notice. It is as full and complete, upon the issuing and return of process, in this case, as is found in the thousand cases pending in the court, and is made in a form never before complained of; and the judgments in all these cases would be void, with all the consequences resulting, if this is held void.

But let us see what is complained of. How far may the court review, and how far may the appellant question jurisdiction? We do not know that G. W. Garrison was a justice of the peace, except that it is implied by his return, and by the *implied* admission of the appellant, by his notice of appeal directed to him as such, and also the fact that the notice does not allege this to be ground of error. We do not know that he issued a summons on the 16th of May, 1870, returnable on the 29th of May, at 1 o'clock in the afternoon, at his house in Halcott; except from his return as such justice, and by the appellant's implied admission, that no error as to this is stated in the notice of appeal. And we only know that the summons was personally served on the 20th day of May, 1870,

on the defendant, by Wm. H. Race, constable, by the same
authority. And so, only, that on the 27th day of May, at
2 o'clock in the afternoon, at the house of the justice, in
Halcott, the suit was called ; that the plaintiff appeared,
and the defendant did not appear. If because in no one
of these particulars, complaint was made in the notice of
appeal, or error alleged, are we to hold he had no juris-
diction? Must the justice return his certificate of elec-
tion, as well as that of the constable ? Must he show that
he lived in the town of Halcott? Can we any more
presume these facts, than that the constable served the
summons, as stated ? All these facts might, perhaps, have
been supplied, had the notice called for them. And it is
safer—more prudent, more consistent with the spirit of
justice—to hold, in this case, that these particulars were
waived, because not complained of, than to declare the
judgment void because they do not appear. It is for the
appealing party to show the error; and the statute has
provided a method of doing it, which he has omitted to
take.

But upon authority, besides the statute, I think we should
affirm this judgment. The notice of appeal under this
statute has been held to be the substitute for the affidavit
formerly used for a certiorari. The courts would quash a
certiorari if the ground of error did not appear on the
affidavit made to obtain the certiorari. And the court
would never examine the errors not so set forth. (*People*
v. *Suffolk Com. Pleas,* 18 *Wend.* 551.) That statute, like
this in question, required "*the grounds upon which allegation
of error was founded, to be stated.*" (2 *Sandf.* 632.) But
this appeal statute has been directly and expressly passed
upon at a general term in the 7th judicial district, in a well
considered opinion, in *Derby* v. *Hannin,* reported in 15
*Howard,* 32. In *Potter* v. *Whittaker,* also reported in 27
*Howard,* 10, at a general term in the 4th judicial district,
though it does not appear whether the like objection, as

to jurisdiction, was taken in the notice of appeal, in that case, it was taken on the argument, and the court held that if there was any informality in the process, or as to the constable who served it, it lay with the party appealing to make it appear. This, of course, he could do by making it in his notice of grounds of appeal, in the proper form, and obtaining a return showing the defect. The *onus* to show error is with the appealing party. It is claimed that the case of *Cole* v. *Bell*, (48 *Barb.* 194,) in the 3d district, is in conflict with the two cases last cited, but it is not so; and is clearly distinguishable from them. The objection to jurisdiction, in that case, was for want of a government stamp on the summons. This objection was made before the justice and distinctly appeared in his return. And, as appears in the leading opinion of MILLER, J., and that of HOGEBOOM, J., the question there was, whether the omission to state this objection, in the notice of appeal, was a waiver of it, when in fact the objection did appear by the return to have been taken, before the justice. HOGEBOOM, J., says, that in that district it had been supposed the appellant was not *limited* to the grounds set forth in the notice of appeal, *provided other tenable objections distinctly appeared in the proceedings before the justice; such, especially, as were capable of being obviated.* The *dictum* of MILLER, J., is not to the contrary; and INGALLS, J., who concurred in the result, does not express an opinion as to the ground upon which he voted; and the case was decided *on other grounds* than that. So, too, the case of *Forman* v. *Forman*, (17 *How.* 255,) in the 6th district, is cited as authority for the appellant. But the jurisdiction does not arise at all, nor was it decided, in that case. It is there held, only, that where the notice states only a single ground on which the appeal is founded, it confers jurisdiction on the county court to examine *the whole case set forth in the justice's return*, to see if any error has been committed for which the judgment ought to be reversed.

Avery *v.* Woodbeck.

It is silent as to errors that do not appear in the return. It does not appear to have been necessary to refer to the question of jurisdiction, at all, in that case, because the ground upon which the judgment was reversed did appear in the notice of appeal, and also in the justice's return. The remark cited, was at best, *obiter.* But in *Bush* v. *Dennison,* (14 *How.* 310,) decided at a general term held by T. R. Strong, Welles and Smith, JJ., in the 7th district, the court says : " We have held that when the notice of appeal is returned, and in the case, so that we can see what the alleged errors were, we will disregard any that were not fairly stated in the notice."

I have thus reviewed all the notices that bear directly upon the question that arises in this case; and at more length than the case would otherwise require, and for the reason that the question becomes important in its consequences upon the unnumbered cases now still pending. The weight of the authorities cited, independent of the statute, is in favor of the construction I have tried to give it. Three of them are cases in which the point has been directly passed upon, and the other two, one in the 3d, and one in the 6th district, were not decided upon the point presented here; and in all that is said in them, claimed to be in conflict, the remarks were *obiter.* It is important that this question should be decided in this and in the highest court.

My conclusion is, therefore, that the judgment of the county court should be affirmed, with costs.

Miller, P. J., and Parker, J., concurred in the result, upon the ground of the rule in *Potter* v. *Whittaker,* (27 *How. Pr.* 10.)

　　　　　　　　　　　　　　　　Judgment affirmed.

[Third Department, General Term, at Schenectady, June 4, 1872. *Miller*, P. J., and *P. Potter* and *Parker,* Justices.]