## Frank Hulett

*v.*

## Eugene E. Ames.

74 253
68a 109

1. Practice — *appeal from county to circuit court.* An appeal from the county to the circuit court can be tried alone on the record. The circuit court can not try the case *de novo,* either in whole or in part, but takes the record as presented.

2. Same — *transcript of county court, matter of record in circuit court*

*on appeal.* When a record of the proceedings is filed in the circuit court, it becomes a matter of record in that court, and being a matter of record then no bill of exceptions is necessary to get it before this court, but only a certified transcript.

3. SAME — *bill of exceptions in circuit court on appeal from county court.* Affidavits, notices, etc., made in the county court are not a part of the record, unless made so by bill of exceptions, and cannot be considered in the circuit court, nor is it proper for the judge of the circuit court to make them a part of the record of that court by bill of exceptions.

4. PRACTICE IN SUPREME COURT — *assignment of errors.* The failure or refusal of a judge to sign a bill of exceptions, cannot be assigned for error, nor considered in the Supreme Court. The remedy, where a judge wrongfully refuses to sign a bill of exceptions, is by mandamus.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. BARBER & MUNN, for the appellant.

Messrs. GOODSPEED & SNAPP, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The practice in the circuit court on appeal from the county court, is required to be the same as in the Supreme Court. When a case is thus taken to the circuit court, it can be tried alone on the record of the county court. And the circuit court cannot try the case *de novo,* either in whole or in part, but takes the record as it is presented, and if manifest error is found the judgment is reversed, and the cause remanded, otherwise the judgment is affirmed.

It appears that in the circuit court it was assigned for error that the county court set the case for trial in the absence of defendant, and out of its order on the docket. There is no semblance of force in this objection. Defendant had been served with process and it was his duty to be present in person or by attorney in court, and see and know every step that was taken. It never has been the practice for the court to summons a party at every step that is taken in a cause.

Nor can we see or know that the case was taken up out of its order. There is no bill of exceptions appearing in the record of the county court. The presumption is, until overcome by the record, that all the steps taken by the court are regular and legal. All who are at all familiar with the practice know that when such a matter is irregular it must be shown by a bill of exceptions. For aught that appears in the record from the county court, this may have been the last and only case on the docket.

It was also assigned for error that the county court refused to change the venue of the cause. Appellant filed no bill of exceptions embodying his petition therefor, and the affidavit therewith, and thus make them a part of the record. This court has repeatedly held, that to make such matters a part of the record, so as to have them reviewed in the appellate court, they must be embraced in a bill of exceptions. And we decline to discuss the question or cite cases in support of the practice, but must presume that all practicing attorneys are familiar with it or can refer to our decisions previously made.

It was also assigned as error, that the court tried the cause. The record, so far as we can see, discloses nothing upon which to base this assignment of error. Nor has appellant shown any thing in support of this objection.

The next error assigned in the circuit court is, that the court erred in finding for the plaintiff. There was no exception taken to the declaration. An appearance was entered and no question could arise as to service, and a trial was had and evidence heard, and as it was not preserved in a bill of exceptions, we must presume that there was an abundance of testimony, not only to justify, but to require, the finding as it was. And the same may be said of the last error assigned, that the court erred in rendering judgment for plaintiff. From an inspection of the record of the county court, we are unable to see that the circuit court could have done otherwise than affirm the judgment.

It is next urged that the court below erred in not signing a

bill of exceptions in this case. Such an error cannot be assigned or considered. If a judge refuses to sign a bill of exceptions, presented in proper time and according to the rules of practice, the remedy of the party aggrieved is by mandamus. In this case, if we could consider the question, there was nothing in the paper presented to the judge that is proper to be contained in a bill of exceptions. It contains the transcript of the county court, and every thing which became and was a matter of record in that court, and when a transcript of the same, properly certified, was filed in the circuit court, became a matter of record in that court. And being a matter of record, appellant need only to have a certified transcript of the same made to file in this court. The summons from the county court and the sheriff's return, the declaration, the plea, and the judgment of the county court, were matters of record in the circuit court, and became a matter of record in the circuit court when a transcript of the same was filed. And being a matter of record, it would have been improper for the circuit judge to sign a bill of exceptions containing them.

This court has many times said that affidavits, notices, etc., in support of motions, although filed by the clerk, do not, unless made so by bill of exceptions, become a part of the record. None of such papers filed in the county court were so made a part of its record, and not being a part of the record, the circuit court could not consider them, nor could he, consistently with his duty or with truth, make them a part of the record in his court. The party, having neglected to embody them in a bill of exceptions in the county court, thereby waived all right to have them considered or reviewed in the circuit court, or in this court. Even if the clerk's entry on his record that a motion was entered, but overruled by the court, could be regarded as a part of the record, still the exception to the decision of the court must be preserved in a bill of exceptions as well as the motion itself, and the papers relating to it. And the legal presumption would be that the court decided correctly, as we could not look to affidavits, etc., in support of the

motion. The judge could only sign a bill of exceptions to make something a matter of record which could only be made such in that manner.

There was nothing before the circuit court to be considered but the record proper of the county court. Nor had appellant the right in the circuit court to introduce any evidence but what was strictly the record of the county court. In the appellate court he could not introduce as evidence, or for any purpose, his notice and sworn petition for a change of venue, which the clerk of the county court certified had been filed in his office. Nor did it acquire any more validity by being embraced in the transcript transmitted to the circuit court.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*