JULIA M. VAILL *vs.* DONALD T. MCPHAIL *et al.*

JULY 2, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

*(1) Appeal and Error. Equity.*

Under Gen. Laws, 1909, cap. 289, providing that any party aggrieved by a final decree, entered in the Superior Court in an equity cause may appeal to the Supreme Court, it is not the intent of the statute to remove the cause by appeal to that court for a re-trial, but merely for the purpose of reviewing the errors stated in the appellant's reasons of appeal.

*(2) Appeal and Error. Equity. Stating Reasons of Appeal.*

In equity appeals the appellant should clearly indicate in his reasons of appeal the particular errors of the Superior Court of which he complains and which he seeks to have reviewed. These reasons should be stated separately and specifically, and should consist of a statement of the erroneous rulings, orders or decrees to which the appellant objects, and not of the reasons upon which he bases his claim of error.

*(3) Appeal and Error. Equity. Stating Reasons of Appeal.*

The statement of reasons of appeal in equity causes, of exceptions in a bill of exceptions and the assignments of error in an application for a writ of error are of the same nature and subject to the same requirements.

*(4) Appeal and Error. Equity.*

The rule adopted in *Blake* v. *Atlantic Natl. Bank*, 33 R. I. 109, and *Dunn Mills* v. *Allendale Mills*, 33 R. I. 115, with regard to the form of statement of exceptions in a bill of exceptions is applicable to the form of reasons of appeal in equity causes.

*(5) Appeal and Error. Equity.*

A claim of appeal in equity alleged that the decision of the justice upon which the final decree was based was (a) erroneous and against the evidence; (b)

against the law; and that the final decree was (a) against the evidence and (b) against the law:—

*Held*, that the reasons of appeal set out that the determination of the court upon the facts was not warranted by the testimony and his application of equitable principles to the facts as he found them was erroneous; that the reasons were not indefinite and were sufficiently specific and to the consideration of such alleged errors appellants would be restricted.

(*6*) *Probate Appeals.*

*Semble*: While the statute in regard to probate appeals provides that the appellant shall be restricted to his reasons of appeal specifically stated, yet in practice due to the nature of the proceedings, the trial in the Superior Court in most cases is essentially *de novo*. When the subject matter and the appellant's relation to it permits, although the moving party in the probate court continues to be the moving party in the Superior Court, the trial in the latter court is restricted within the limits fixed by the reasons of appeal.

Bill in Equity. Heard on motion of complainant to dismiss respondents' appeal, and denied.

Sweetland, J. The cause is before us at this time upon the complainant's motion to dismiss the respondents' appeal from the final decree of the Superior Court on the ground that the respondents did not file a sufficient statement of their reasons of appeal as required by the statute.

The complainant in her bill of complaint seeks to have two mortgages upon her property in the town of New Shoreham, purporting to be executed by her and delivered to the respondent McPhail, delivered up to be cancelled. She asks this relief on the ground that if she did execute said mortgages she did so unwittingly and without consideration, at the request of the respondent Barton, who was acting as her confidential agent; that she was influenced wholly by her implicit trust and confidence in said Barton, and that the respondent McPhail, at the time of the delivery of said mortgages to him, had full notice of these facts.

At the conclusion of the hearing in the Superior Court upon the bill, answer, replication and proof the presiding justice gave an oral decision from the bench. He decided that a confidential relationship between the complainant and the respondent Barton was established; that the re-

spondent McPhail had full knowledge of it; and the justice granted the prayer of the bill. Upon this decision a final decree was afterwards entered, in which it was decreed that said mortgages and a certain bond given by the complainant to the respondent McPhail be surrendered for cancellation and that the same be cancelled. Within the time allowed by statute the respondents filed in the clerk's office of the Superior Court a claim of appeal with a statement of their reasons therefor. The said reasons are as follows:

"First. That the decision of the justice upon which said final decree was based was erroneous and against the evidence and the weight thereof.

"Second. That said decision of the justice upon which said final decree was based was erroneous and against the law.

"Third. That said final decree is against the evidence and the weight thereof.

"Fourth. That said final decree is against the law.

"Fifth. That the decision of the justice who heard and tried said cause is erroneous and against the evidence and against the law and that said final decree based upon said erroneous decision is erroneous and against the evidence and the law."

The complainant's motion to dismiss is based upon her claim that the said reasons are indefinite and that to give this court jurisdiction more specific reasons should have been assigned.

In considering this motion we will first examine the nature of the appeal in equity causes, from the Superior Court to the Supreme Court, given by our statute. If the effect of such appeal is to transfer the whole cause to this court, here to be tried *de novo*, then the statement of the reasons of appeal may well be of a general character, simply setting forth in a formal way that the appellant is aggrieved, that he is dissatisfied with the decree entered in the Superior Court and desires to have the cause retried in this court. If, however, the appeal removes nothing to this court except

the errors appearing upon the record and complained of by the appellant, then the statement of the reasons of appeal should be specific; should be as full as the claim of the appellant and must be regarded as the jurisdictional basis of the cause in this court, limiting all subsequent proceedings here. In determining this question we get little, if any, assistance from the fact that the word "appeal" is used in the statute. Appeals are of civil law origin, early adopted into chancery procedure, and subjected the whole cause to retrial in the appellate court, differing from the common law writ of error which removed only questions of law for reëxamination.

In equity proceedings in England, appeals by that name, have existed for centuries and are of two kinds. A party aggrieved by the order or decree of the Master of the Rolls or of a Vice Chancellor may appeal to the Lord Chancellor and the Lord Justices of the Court of Appeal in Chancery. This is known as an appeal in chancery. Or the aggrieved party may appeal from the decree or order of the Court of Chancery or the Court of Appeal in Chancery to the House of Lords. While some of the qualities of each of these two kinds of appeal, the appeal in chancery and to the House of Lords, are similar, they are in many particulars quite unlike. Their differences in general terms are, that 'the appeal in chancery conforms rather to the primary notion of an appeal. It provides a rehearing in the appellate court with the entry of a decree as upon a trial de novo. An appeal to the House of Lords must contain a summary of the reasons upon which the appellant relies and. it brings before the Lords the question of error in the order or decree complained of in the appellant's petition of appeal. 5 Bligh (N. S.) 714. After hearing the Lords give judgment affirming, reversing or varying said order or decree. It is the contention of the appellees that the. equity appeal in this State, in its main characteristics, conforms to an appeal to the House of Lords.

The term "appeal" has been largely used in the statutes of the various states of this country as a general term to designate the proceeding for the removal of causes from a

lower to an appellate court for the purpose of review. In many instances it has been used indiscriminately with reference to the removal of suits at law as well as in equity. In some states the courts have endeavored in their interpretation of statutes to maintain the old distinction between appeal for equity and error for law review. In *Horton* v. *Miller*, 44 Pa. St. 256, as the relief sought was equitable, the court turned a writ of error into an appeal. In considering this matter the Supreme Court of Nebraska, in view of the uncertainty that attends an examination of the statutes and reports of the several states, said: "An examination of this question is attended with much confusion, owing to the fact that in some states all appellate proceedings are denominated appeals, while in others the distinction between appeals in equity and review upon petition in error is strictly adhered to." *State* v. *Doane*, 35 Neb. 707.

In many states cases at law are removed by appeal to appellate courts and there retried, as were appeals from justice and district courts with which we were long familiar in this State. In *Mann* v. *Young*, 1 Wash. Terr. Rep. 454, the court held that under the civil practice act it was intended "that a writ of error shall be so amplified in use as to bring up, not merely causes of common law, but also those of equity jurisdiction." In *Farish* v. *Mining Co.*, 5 N. M. 234, the court held that under the statute a writ of error will lie to review a decree in equity as well as a judgment at law. While the court in *Springer's Admr.* v. *Springer et al.*, 43 Pa. St. 519, said: "But a writ of error cannot, without a change of its nature, become an adequate form of review of equitable remedies, because it brings up only what is properly *record*, in order to assign error in that." . . . "It is by *appeal* that equity remedies are reviewed in a higher court, and that brings up the whole case, and not merely the record of it."

There is a like diversity of statutes and decisions not only with regard to the kind of causes which are removed by

appeal, but also as to the nature of the questions carried to the appellate court, the extent of the jurisdiction of the appellate court over the cause and as to the procedure in that court.

*Mason* v. *Alexander*, 44 Ohio St. 327, was a suit at law, but we are now considering the nature of an appeal, as it exists in the various states, and the language of the court is as applicable to appeals in equity as to appeals in law.   The court said: "the practice in Ohio is essentially different from the practice in other states in removing cases from general trial courts to appellate courts.   While in many of the states, and perhaps in all except in our own, an appeal from a court of general jurisdiction is in the nature of a writ of error, whereby the appellate court passes upon the record, as to facts as well as law, does not hear additional or other evidence, but confines its adjudications to errors appearing upon the record, in Ohio the appeal itself vacates, without revisal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in that court.   It takes up the subject of the action *de novo*, in respect to pleadings, necessary parties, trial and judgment, in like manner as if the cause had never been tried below."

In *Pierce* v. *Wilson, et al.*, 2 Iowa 26, the court said: "But it must be borne in mind, that this is an appeal in chancery, and in this court, the facts as well as the law of the case, are again reviewed and re-adjudicated.   *Stockwell* v. *David*, 1 G. Greene, 115.   Upon an examination of the whole case, this court will render such a decree as should have been entered in the first instance, consistent with the case made by the bill and sustained by the proof."

In *Durkee* v. *Stringham*, 8 Wis. 120, it was held "The first point that naturally presents itself, is one of practice. Some of the appellees, or Taylor, at least, as well as the appellant, Joseph Stringham, were dissatisfied with the decree of the circuit court, but neglected to take their appeal, supposing the appeal which was taken brought up

the cause for a rehearing in this court, and necessarily opened the whole case for our consideration. But it is contended by the counsel for the appellant, that this is a mistake; and that even if we should be of the opinion that the decree was not as favorable to Taylor as it should have been, still that we cannot modify or amend it to his advantage, he not having appealed. This question has been carefully considered in this case, as well as in the case of *Wood et al.* vs. *Spaulding*, unreported, where the same point was made and elaborately discussed by counsel. In this case, the appeal was from the whole decree, while in the case of *Wood* v. *Spaulding*, the appeal was only from a part of the decree; and yet, in both cases, we were led to the conclusion that the appeal to this court opened the whole case, and that it was competent to modify the decree of the court below, and make it more favorable to the appellee, if the whole merits and equity of the case required that this should be done."

In *Morris* v. *Richardson*, 30 Tenn. (11 Humph.) 389, it was held: "1st. This petition being regarded, by our law, as a proceeding in equity, the whole case is open before us for hearing, upon the pleadings and proof, just in the same manner as it was before the circuit judge. We hear the case on appeal, upon its merits, as if no decree had been pronounced in the court below, and make such decree as may be deemed proper, upon the whole case."

The courts of a number of other states in considering the nature of the appeal in equity given by the statutes of their respective states, have held that an appeal carried the whole case to the appellate court for retrial. *Glover* v. *Hedges*, 1 Saxton (N. J.) 120; *Crane* v. *Decamp*, 22 N. J. Eq. 614; *Decker* v. *Ruckman*, 28 N. J. Eq. 614; *Sparhawk* v. *Buell*, 9 Vt. 83; *Bishop* v. *Day*, 13 Vt. 116.

On the other hand it has been held by the courts of several of the states that upon appeal only the errors assigned by the appellant were carried to the appellate court for review. The editor of the American notes to Daniell's Chancery Pleading and Practice, Vol. 2, page 1459, states, that it is

this class of appeals, of the same nature as the appeal to the House of Lords, which prevails in the United States. After an examination of appellate proceedings, as they have been provided in the several states, we are of the opinion that the conclusion of the editor is somewhat too broad, although this class of appeals is provided in a number of the states.

In *Bank* v. *Fink*, 7 Paige 87, it was held that on an appeal from the vice chancellor the only matter before the chancellor for review is the decree appealed from. See, also, *Copous* v. *Kauffman*, 8 Paige, 583; *Mapes* v. *Coffin*, 5 Paige, 296.

In New York, under the code, appeals in equity and writs of error at law have been superseded by a proceeding called appeal. In the appellate court the action of the lower court is reviewed as in a writ of error, upon the grounds stated in the notice of appeal. *Avery* v. *Woodbeck*, 62 Barb. 557. In *Sharon* v. *Hill*, 26 Fed. 345, the court said: "The tendency during the past half century has been to assimilate proceedings in equity and law cases, and in the states where the modern code prevails, the proceeding by which a judgment is reviewed in the appellate court is generally known as an appeal, although in effect it is more like a writ of error than an appeal." In considering the Connecticut statute, the court said: " 'Appeal' is the name given a proceeding, for the revision of questions of law arising in a trial, which, prior to 1882, were brought here by motion in error or motion for new trial. The name in no way alters the nature of the proceeding. The Act of 1882 substituted such appeal in place of the former methods, authorizing the combining of both in one process. The appeal simply performs the office of the old motion for new trial and motion in error. It is entirely different from the process called appeal, which transfers a case tried in one court to another court for retrial." *White, et al.* v. *Howd*, 66 Conn. 266.

In *French* v. *Currier*, 47 N. H. 96, and *Dodge* v. *Stickney*, 60 N. H. 464, the court considered that it had the "right to

investigate only those questions which come within some of the reasons assigned for the appeal."

In *Baldwin* v. *Sutton*, 148 Ind. 593, the court said: "The law of appellate procedure requires the complaining party to specify with reasonable certainty the rulings of the lower court upon which he relies and desires reviewed, and such assignment must be supported by the record, and no error, not well assigned, can be made available."

In *Grimshaw* v. *Scoggan*, 72 Ill. 103, the court stated that an appeal from the circuit to the Supreme Court only brings in review the decision of the lower court, and a trial *de novo* on such appeal is unknown in practice. See, also, *Hulett* v. *Ames*, 74 Ill. 253; *Rockford* v. *Compton*, 115 Ill. App. 406.

Other cases in which courts have taken a like position in regard to proceedings upon appeal are *Carlin* v. *Jones, et al.* 55 Ala. 624; *Proctor* v. *Robinson*, 35 Mich. 284; *Ireland* v. *Miller*, 71 Mich. 119; *Blackie* v. *Cooney*, 8 Nev. 41; *Cain* v. *Williams*, 16 Nev. 426; *Shook* v. *Colohan*, 12 Ore. 239; *Clancey* v. *Clancey*, 7 N. M. 405.

Some of the cases cited have been actions at law, but they equally well illustrate the diversity in the nature of the proceedings which have been denominated "appeals" in the different states. The word "appeal" as used in the various statutes has in many instances lost its original significance and has become a general term designating appellate proceedings. Appeals in the United States cannot be said to have a general character, but each depends for its form and nature upon the particular statute which created it. In *Rockford* v. *Compton*, 115 Ill. App. 412, the court gave its approval of the following statement as to the nature of an appeal: "The mere use of the word 'appeal' in a statute furnishes no certain guide to its precise meaning and effect, but to determine its operation, resort must be had to the general policy of the law, and to reasons drawn from analogy and from the practical consequences of applying one interpretation or another."

We have reviewed at this length the character of appeals in England and in this country, because up to the time of the passage of the Court and Practice Act the appeals known to practice in our State courts, provided for a retrial of the cause.

Some question as to this might be raised in regard to probate appeals. Any person aggrieved by an order or decree of a Probate Court which operates on his rights of property or bears directly upon his interest may appeal therefrom to the Superior Court. The statute requires that the appellant shall file in the Superior Court his reasons of appeal, specifically stated, to which reasons in ordinary cases, the appellant will be restricted. The Superior Court however is not a court for the review of error. The appeal is taken to a single order or decree of the Probate Court, and although, by the terms of the statute, the appellant is restricted to the reasons of appeal specifically stated, unless the subject matter of the decree appealed from is separable, as in the case of an account, the nature of the proceeding necessitates a retrial of the matter upon which that particular order or decree was based. The rules of practice of the Superior Court, approved by this court, provide that in appeals the same party shall hold the affirmative in the Superior Court who held the affirmative in the Probate Court.

The notion of an appeal most common among us is of a proceeding providing for a trial in the appellate court, essentially *de novo*. Previous to the passage of the Court and Practice Act, equity jurisdiction was vested in the Supreme Court alone; by the terms of that act original equity jurisdiction was conferred upon the Superior Court and provision was made for an appeal to this court. Before that time, from 1867 to 1871, appeals in equity causes had existed in our practice, but not from an inferior to the Supreme Court, Chapter 692 of Acts and Resolves, passed March 15, 1867, provided that equity causes should be heard and determined in the first instance by one justice of the Supreme Court; that any party aggrieved by any interlocutory or final

decree made by said justice might appeal to the full court. The intention of the statute appears to have been that upon an appeal to the full court from a final decree made by a single justice, the entire cause was to be transferred to the full court by it to be reheard, in ordinary cases upon the same evidence which had been presented to the single justice. There was no provision in the statute requiring the appellant to file a statement of his reasons of appeal or in any other way to bring upon the record an assignment of error in the proceedings before the single justice, thus limiting the proceedings before the full court.   This chapter was repealed in January, 1871.   Equity appeals did not again appear in our practice until the Court and Practice Act went into effect in July, 1905.

(1)      Appeals in equity are now regulated by Chap. 289, Gen. Laws, 1909.   It is there provided that any party aggrieved by a final decree, entered in the Superior Court in an equity cause, may appeal to the Supreme Court.   The provisions of the statute do not leave entirely free from doubt the question as to the nature of the proceedings in the Supreme Court upon the appeal.   Our conclusion is that it is not the intent of the statute to remove the cause by appeal to this court for a retrial.   It was said by the court in *Lacy* v. *Williams*, 27 Mo. 280:   "A trial *de novo* in the circuit court would not strictly be the exercise of appellate jurisdiction. It is clearly competent for the general assembly to confer such jurisdiction, but until it is expressly done we do not consider that the bestowal of a mere appellate power would authorize the courts to try causes *de novo*."

Certain incidental and subordinate jurisdiction over the cause is given to this court pending the appeal, but the general effect of the appeal is to bring before the Supreme Court for review merely the errors stated in the appellant's reasons of appeal.   We are led to this conclusion, among other things, by the general scheme of the relation between the Superior and Supreme Courts which has been created by our law, the Superior Court being generally the trial court,

having in most cases exclusive original jurisdiction, with revisory jurisdiction in this court; further, the provisions of the statute that this court after hearing and determining the appeal shall affirm, reverse or modify the decree appealed from and shall remand the cause to the Superior Court, and the final decree, though its form may be determined by this court, shall be entered in the Superior Court. A most important consideration is the provision that together with his claim of appeal in the Superior Court the appellant shall file a statement of his reasons of appeal. Of a similar provision in the New York Code the court said in *Matter of Davis*, 149 N. Y. 548, confirming 91 Hun. 53: "Moreover, Section 13 of Chapter 399 of the Laws of 1892, provides that upon such an appeal, the notice shall state the grounds upon which it is taken, and where a statute requires the grounds of the appeal to be stated, none except those specified can be considered. The hearing must be limited to the errors noticed in the appeal. Otherwise the requirement of the statute would be without significance." See, also, *Shook* v. *Colohan*, 12 Ore. 239; *Avery* v. *Woodbeck*, 62 Barb. 557. In *Lessenich* v. *Sellers*, 119 Iowa, 314, the court held that under the Iowa statute an appeal in equity brings the whole case before the appellate court for retrial; and that "hence errors of any character which do not involve the power of the court to finally dispose of the case need not be assigned."

As we have discussed above, although our statute in regard to probate appeals provides that the appellant shall be restricted to his reasons of appeal specifically stated, yet in practice the trial in the Superior Court in most cases is essentially *de novo*. This is due to the nature of the proceedings; and when the subject matter and the appellant's relation to it permits, although the moving party in the Probate Court continues to be the moving party in the Superior Court the trial in the Superior Court is restricted within the limits fixed by the reasons of appeal.

Although this court has not had occasion to determine the particular point now under consideration it has in a certain aspect treated an appeal in equity as a proceeding to review solely the error assigned. In *Hazard* v. *Hope Land Co.*, this court by rescript filed May 11, 1908, reported in 69 Atl. Rep. 602, refused to consider the objections of an appellee to a decree from which he had not appealed. So also in *McElroy* v. *McCarville*, rescript filed in this court January 20th, 1909, reported in 71 Atl. Rep. 646. If, by appeal, the whole cause was before the court for retrial as in chancery appeals in England, as distinguished from appeals to the House of Lords, the objection of the appellee in each of these causes should have been considered. Lord Justice Knight Bruce in *Sherwin* v. *Shakspear*, 5 De G. M. & G., an appeal in chancery, at page 523, said: "I have no doubt on the point, that upon an appeal from part of a decree the whole cause is open to the respondent. He may be satisfied with the decree as it stands, but that does not prevent him from contending, if its correctness is called in question in any particular, that it should be made more favorable to him in any other." See, also, *Watts* v. *Symes*, 1 De G. M. & G. 240.

(2) In conformity with our view of the nature of equity appeals in this State, we hold it essential that the appellant should clearly indicate in his reasons of appeal the particular errors of the Superior Court of which he complains and which he seeks to have reviewed. These reasons should be stated separately, and specifically. The statement of reasons of appeal which the statute requires is a statement of the erroneous rulings, orders or decrees of which the appellant complains. It is not a statement of the reasons upon which the appellant bases his claim of error. We regard the statement of reasons of appeal in equity causes, the statement of exceptions in a bill of exceptions and the assignments of error in an application for a writ of error as of the same nature and subject to the same requirements. Courts have at times gone to great lengths in their insistence upon minute particularity in an appellant's assignments of error, requiring

not only that the rulings, orders or decrees objected to should be specified, but that all the reasons upon which the appellant bases his claim of error and upon which he may rely in the appellate court should be set out. In consequence, members of the bar, not to be placed at a disadvantage by failing to comply with such rules, have filed reasons of appeal and assignments of error so diffuse as to be bewildering, and courts have been forced to adopt a more reasonable construction of statutory requirements. Thus *Wood* v. *Frazier*, 86 Tenn. 500, cited by the appellee, is a marked example of the extreme requirement of particularity and of an unwillingness on the part of the court to consider any assignments of error, the grounds of objection to which were not specifically set forth. Yet in *Bleidorn* v. *Pilot Mountain*, 89 Tenn. 214, we find Mr. Justice Lurton, then an associate justice of the Supreme Court of Tennessee, saying: "We have construed the rule requiring assignments of error with liberality, and to hold that a good assignment is rendered bad by the insufficiency of the reasons advanced in its support would be highly technical and a sticking in the bark."

*Houston* v. *Blythe*, 71 Tex. 719, also cited by the appellees, is a case in line with *Wood* v. *Frazier* (*supra*), but later the Supreme Court of Texas in *Land Co.* v. *McClelland Bros.* 86 Tex. 192, said: "Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good, although it should fail to state the reason why such ruling is claimed to be erroneous. An assignment may be brief and yet specific, and brevity in such a case is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief, under and in support of the respective assignments." See, also, *Cotton Press Co.* v. *McKellar*, 86 Tex. 700.

A good statement of the proper rule to be observed in assignments of error, which is applicable to reasons of appeal,

is contained in *Atchison* v. *Meyers*, 76 Fed. 444. "In the interest of brevity and clearness, it is to be observed that the assignment of error in this record contains much redundant and irrelevant matter. The first specification is that the 'court erred in denying defendant's motion at the conclusion of all the evidence to instruct the jury to find a verdict for the defendant.' That would have been enough, because it states succinctly just what action is alleged to have been erroneous. But there follows a statement at length of four reasons why the motion should have been sustained. They constitute a good brief, but in the assignment of error are irrelevant."

Other cases in the same line are—*Sneer* v. *Stutz*, 93 Iowa, 62; *Davis, Collector* v. *Burnett*, 7 S. W. 678; *Gilman, Adm'r* v. *Donovan*, 59 Iowa, 76; *Eslava* v. *Lepretre*, 21 Ala. 526; *Piper's Appeal*, 20 Pa. St. 67; *Ermentrout* v. *Insurance Co.*, 60 Minn. 418. What we have said, in *Blake* v. *Atlantic National Bank*, 33 R. I. 109, and in *Dunn Worsted Mills* v. *Allendale Worsted Mills*, 33 R. I. 115, with regard to the form of statement of exception in a bill of exceptions is applicable to the form of reasons of appeal in equity causes.

We come to the consideration of the respondents' reasons of appeal in the case at bar. The respondents raise no objection to any interlocutory order or decree of the Superior Court entered in the cause, nor to rulings of the presiding justice admitting or rejecting testimony during the hearing. Upon the testimony presented the justice decided the issues of fact in favor of the complainant, and upon the facts as he found them he held that the complainant was entitled to the equitable relief which she sought. On this decision the final decree was based. It is as to these matters alone that the respondents desire to have the action of the Superior Court reviewed. These are the only points upon which they consider themselves aggrieved and these are the reasons for their appeal. If they clearly set out in the statement of their reasons of appeal the claim that the determination of the justice upon the facts was not warranted by the testi-

mony and that his application of equitable principles to the facts as he found them was erroneous, they have pointed out the error of which they complain and have complied with the requirements of the statute. To the consideration of the alleged errors which they have thus designated they will be restricted in the proceedings before this court.

We are of the opinion that the reasons of appeal in this case may be open to the objection of containing needless repetition; but that the reasons assigned are not indefinite or multifarious and that they are sufficiently specific.

The complainant's motion to dismiss the appeal is denied.

*William A. Spicer, Jr., Eugene A. Kingman, Edwards & Angell,* for complainant.

*Willis B. Richardson, Frank H. Hammill,* for respondents.