*Harry Feigelman, Alexander G. Teitz*, for petitioner.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, George Ajootian*, for respondent.

JOHN H. CATON *vs.* JESSE H. CATON.

JUNE 25, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a bill in equity in which the complainant prays that the respondent be ordered to reconvey to him certain real estate and for an accounting between them in connection with the renovation and occupation thereof by the respondent. After a hearing in the superior court on amended bill, answer and proof a decree was entered granting the prayers of the bill. From the entry of that decree the respondent did not appeal but the complainant duly prosecuted his appeal to the allowance of certain items in the accounting and to the time fixed by the court for their payment.

The bill was based on the theory that the conveyance of the property in question which the complainant had previously made to the respondent, although absolute in form as a conveyance of the title, according to the intent of the parties was in the nature of a mortgage only, and that the complainant was entitled to a reconveyance after an accounting. The trial justice found that the complainant had successfully sustained his contention and was entitled to relief. In view of the fact that the respondent did not appeal from the entry of the decree in the superior court it is necessary to refer to the facts only briefly.

It appears from the evidence that the complainant, whose

wife is dead, is now over eighty years of age, and that the respondent, who is a general contractor, is his son. In 1937 the complainant owned a one-family, twelve-room house situated in the city of Cranston. He lived alone in this house which was in need of repair, was bringing in no income, and was heavily encumbered. Several conferences were held at that time by the parties concerning the future use of this property, and in October 1937 the complainant conveyed it to the respondent in fee reserving to himself, however, the right to use during his life a certain room in the house and the garage on the premises. This deed was not recorded until August 1946, shortly before the present cause was started.

The respondent proceeded to completely renovate the house. Among other things, he installed a new heating system, made a five-room apartment on the first floor, into which he moved, a three-room apartment and also a one-room apartment with bath and kitchenette, both on the second floor, and which were to be rented, all in addition to the room which the complainant had reserved and which he occupied. Thereafter the respondent had charge of the premises, received the rents, paid all the expenses, furnished heat, light and water to the complainant, and kept the property in good condition.

There was conflicting evidence as to whether or not the renovations and changes in the house were to cost more than $500. The evidence was also in dispute on the issue of whether the conveyance to the respondent was outright or in the nature of a mortgage with an understanding that in certain circumstances and conditions the complainant could demand a reconveyance. However, the correctness of the findings of the trial justice on these matters is not raised by the present appeal and therefore no further reference to them need be made.

In this appeal the complainant primarily attacks as erroneous the portion of the decree which finds that under the accounting between the parties the complainant owes

the respondent $3866.78. In making the accounting it was respondent's contention that the complainant owed him $10,540.43. However, the latter testified that he owed respondent the sum of $559 only, but in his brief he admits that the correct amount is $1301.42. The parties agree that the income received from the property during the period from January 1938 to May 1947 amounted to $10,711. The dispute between them arises over the amounts which should be allowed to the respondent for cost of renovations and maintenance. The complainant suggests that the proper figure for these items is $12,012.42. But the respondent's claim in this connection was for a much larger sum.

In coming to his decision the trial justice, however, refused to allow the respondent certain amounts which he was contending should be credited to him. Among these were claims for interest, for care of the lawn and removal of snow by the respondent, and part of a labor claim in connection with the work of renovations. As already stated the respondent took no appeal from the decree as entered.

The complainant, on the other hand, under his appeal is objecting to certain specific items allowed by the trial justice in the account, and contends that in so doing he committed error. Complainant argues that it was agreed the renovations should not cost more than. $500 and that from this figure a certain sum should be deducted which represented payments made by him to the respondent. The latter denies the existence of such an understanding or the receipt of payments which should be credited to the complainant. He, however, contends that since the trial justice did not accept the respondent's claim that the conveyance was absolute and not a mortgage, his entire testimony should be disbelieved. In our opinion this does not necessarily follow. The trial justice saw and heard this witness testify and he had the right, in the exercise of his sound judgment, to accept some parts of the witness' testimony and to reject other parts.

On this point it is clear that he gave careful consideration to the evidence. He allowed $1819.36 for the materials used in making the renovations, for which items the respondent submitted bills and vouchers which were not attacked by the complainant. The trial justice also allowed $431 for the labor of others, but disallowed the respondent's claim for his own labor on the ground there was no agreement that he was to be compensated for such labor, and in addition was paying only a moderate rent for his occupancy of the first-floor apartment. On this question of renovations the total allowed the respondent in the accounting therefore was $2250.36.

The respondent also had in his account an item of $980 for the cleaning and care of hallways at $2 per week. It appeared in evidence that this work had been done by his wife or some persons employed by her. The trial justice allowed one half of this amount, *viz.*, $490, on the basis of $1 per week instead of $2. The complainant objects to any allowance in the account for this item. Upon consideration it seems to us that the action of the trial justice was reasonable. They were common hallways in view of the fact that at least two other tenants besides the parties were occupying the house. That being so it was necessary that the owner of the premises should keep the hallways clean and in proper condition. The fact that there was no definite agreement between the parties on this subject is not conclusive. One may necessarily be implied from all the facts and circumstances.

We have examined the evidence in connection with the disputed items in the account. It is largely conflicting and in that situation it is settled that the findings of fact by the trial justice in an equity cause are entitled to great weight and will not be set aside unless they clearly fail to do justice between the parties. *Oldham* v. *Oldham*, 58 R. I. 268. On consideration we cannot say that the findings in question do not meet the above requirement. It is evident that in making the accounting the respondent was allowed

by the trial justice only items which he had plainly proved. The figure of $3866.78 as finally determined in his favor was reached by deducting from $14,577.78, which was made up of $2250.36 as the cost of renovation and $12,327.42 as the cost of upkeep and maintenance, the agreed sum of $10,711, being the income from the property. We find, therefore, that the trial justice was not in error in deciding that on the accounting the complainant owed respondent $3866.78.

The complainant further urges that in the decree appealed from it was error to include paragraphs which provided in substance that the above amount as fixed by the account be paid to the respondent by a certain date, which was ninety days after the entry of the decree, in return for a deed reconveying the property to the complainant, and that upon failure to make the payment by the time specified the title to the premises in question should vest immediately in the respondent in fee free and clear of all claims of the complainant. In support of his claim the latter contends that as the relation between the parties had been determined to be that of mortgagor and mortgagee he as mortgagor had the right to redeem by paying the sum of $3866.78 at any time during his life.

We are of the opinion that the above position is unreasonable and unsound. The complainant initiated this proceeding. His bill certainly was not brought merely to have adjudicated the question of whether or not the parties were mortgagor and mortgagee respectively of the property involved, and if such was the case to have an account between them stated. The bill prayed that the respondent be ordered to reconvey the property to the complainant on the theory that such was the relationship between them, and for an accounting. If respondent's rights as mortgagee are to receive proper protection there could not well be a reconveyance of the security ordered unless and until the complainant as mortgagor paid the necessary sum to redeem. A debt secured by a mortgage ordinarily becomes

due at some definite date and the mortgagee is then in a position to ask for payment of the debt if he so desires.

By seeking to have the deed declared to be an equitable mortgage rather than a deed with a reservation of a life estate, we think the complainant substantially waived his right to urge that the mortgage could be repaid at any time during his life. Further, by finding on conflicting evidence that the transaction was an equitable mortgage, as complainant prayed, and by fixing ninety days as a reasonable time for repayment of the amount due the respondent, the trial justice in effect rejected complainant's claim that there was an agreement that such repayment could be made at any time during his life. Moreover, if complainant could make such repayment at any time during his life, it would be possible that the respondent might never be able to collect the money awarded him by the accounting. This situation seems inequitable and unjust, and in our opinion the trial justice in allowing ninety days for redemption by the complainant fixed a reasonable time considering all the circumstances.

It has been held that a bill in equity for an accounting "imports an offer on the part of the complainant to pay any balance that may be found against him * * * ." *Downes* v. *Worch*, 28 R. I. 99. We find no error in the action of the trial justice in including in the decree the paragraphs questioned by the complainant. However, since the decree had fixed a definite date for redemption and that date has passed pending the appeal, it is obvious that the decree should now be modified by fixing the period of redemption allowed the complainant as ninety days from the date of the filing of this opinion rather than the date that was fixed in the decree.

The complainant's appeal is denied and dismissed, the decree appealed from, as above modified, is affirmed, and the cause is remanded to the superior court for the entry of such a modified decree, and for further proceedings.

*Ernest L. Shein,* for complainant.

*William B. Sweeney, George Roche,* for respondent.