RAYMOND W. GIRARD *vs.* OSCAR W. SOREL *et ux.*

AUGUST 30, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a bill in equity praying for injunctive relief and money damages for alleged misrepresentations arising from a sale of personal property. After a hearing in the superior court on amended bill, answer, replication and proof, a decree was entered in which the principal relief prayed for was denied. From that decree the complainant has appealed.

In support of his appeal he has briefed and argued five points. These are not properly before us because there are no reasons of appeal upon which they may be based. It is well settled that to bring up for review an alleged error in any special order or ruling made during trial, separate reasons of appeal specifying each alleged erroneous action must appear in the reasons of appeal. *Nelson* v. *Dodge,* 76 R. I. 1, 4; *Vaill* v. *McPhail,* 34 R. I. 361. However, under our appellate practice in equity, reasons of appeal which allege generally that a final decree is against the law and the evidence and weight thereof are sufficient to properly bring before us the question whether the trial justice erred in his findings and ultimate decision. *Nelson* v. *Dodge, supra; Rooke* v. *Grant,* 77 R. I. 447. The complainant in the case at bar has filed only general reasons of appeal and we shall consider them accordingly.

Since Oscar W. Sorel was acting on behalf of himself and his wife Clarinda Sorel, the other respondent, throughout the original transaction and the incidents which followed, we will hereinafter treat him as if he were the sole respondent.

In the bill of complaint as finally amended and by the testimony presented on his behalf, complainant seeks various forms of relief. But his principal prayers are for money damages for alleged misrepresentations in inducing him to purchase an ice cream and variety store owned by respondent and for an injunction against said respondent from engaging in competitive business with complainant. The respondent in his answer and testimony denied every allegation charging him with misrepresentation and testified in substance that he did everything he had agreed to do.

The record discloses the following facts. The respondent owned the property at 9 Harris street in the city of Pawtucket and operated the store in question. Being desirous of selling the business, stock and fixtures, he placed an advertisement in one of the local newspapers which complainant saw. After several visits to the store and conferences with respondent, during which negotiations for the purchase were carried on, the parties came to terms. A lawyer selected by complainant drew up a bill of sale of the business and a lease of the premises, both of which instruments were executed by the parties hereto, and the purchase price of $4,000 was paid. The complainant took possession of the store, carried on the business, and for some months thereafter the relations between the parties appeared to be harmonious until the present suit was brought by complainant.

The conflicting testimony presented was briefly as follows. The complainant testified that respondent had promised to build a dance hall in a room to the rear of the store and to place a window in the rear wall so that complainant could sell soda and other merchandise to persons frequenting the dance hall; that respondent promised to provide a "rear store room"; that the soda fountain did not have a carbonator or compressor connected with it; that an ice cream cabinet, which was included in the bill of sale, was not fully paid for; that as a result thereof he had to pay more for ice cream and suffered a loss of $49.40; and that

respondent was engaging in a business in competition with complainant in violation of the provisions in the bill of sale. The respondent admitted the claim with reference to the ice cream cabinet. However, he testified he paid the balance due on it as soon as it was called to his attention, but he denied the remaining claims and stated that complainant received everything included in the bill of sale and lease which had been prepared by complainant's attorney.

The trial justice in his rescript discussed each of the principal claims and made separate findings of fact. He awarded complainant damages of $49.40 for the loss because the ice cream cabinet had not been fully paid for at the time of the sale, and having found that respondent had entered into an agreement not to compete he enjoined respondent accordingly. He stated he was unable to award any money damages on this claim because there was no evidence on which he could base complainant's monetary loss, if there was any. As to the remaining claims, the trial justice in each instance found there had been no misrepresentation by respondent. Referring to the fact that the written bill of sale and lease had been prepared by complainant's own attorney, the trial justice made an express finding that complainant bought the business and the fixtures as they were, and that he got the fixtures and merchandise described in the bill of sale.

We cannot disagree with this finding, since nothing appears in the record to show that the trial justice failed to give due consideration to every issue raised by the parties or that he overlooked or misconceived any of the evidence. He took a view of the premises during the course of the hearing and carefully considered all the evidence. In his rescript he also referred to one of the leading cases decided by this court involving some of the problems presented in the instant case. *Cheetham* v. *Ferreira,* 73 R. I. 425.

The record reveals a direct conflict of evidence on pertinent issues of fact. It was the duty of the trial justice to

weigh the evidence as a whole, to draw reasonable inferences therefrom, and to pass upon the credibility of the testimony. A careful reading of the transcript and the trial justice's rescript convinces us that he performed this duty with care; that the parties were given every opportunity to fully present their respective claims; and that he did not misconceive the evidence or the law applicable thereto.

It is well settled in this state that where the evidence is conflicting, the findings of fact by a trial justice in an equity cause are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do justice between the parties. From our independent examination of the evidence we cannot say that his decision is clearly wrong. *Caton* v. *Caton*, 74 R. I. 208; *Rooke* v. *Grant, supra.*

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Zygmunt J. Czubak,* for complainant.

*Crowe & Hetherington, Benjamin C. Chester,* for respondents.